### SMITH et al. v. SPONSABLE.

(Supreme Court, Appellate Division, Third Department.   September 11, 1900.)

1. EASEMENTS—PRIVATE WAYS—DEEDS—CONSTRUCTION.

Several persons owned a woolen mill, situate on a piece of land north of a creek, and H., one of the owners of the mill, owned a tract of land east of that on which the mill was situate, which tract extended south of the stream. The mill was reached by a private way westerly along the land of H. south of the stream, thence across a bridge, and north along the land of H. east of the woolen mill to the front door thereof. H. sold his interest in the woolen mill, the deed reciting that he conveyed the right to pass or repass on the north side of the land south of the creek, where there was a private road, and thence across the factory bridge as it then lay. *Held*, that where the right of way over the land of H. north of the stream was used for 30 years without objection on the part of the owners, such action amounted to a practical construction that such right of way north of the stream was granted by the deed, and hence entitled those claiming under the deed to a use of the way north of the stream.

2. SAME—EXTENT OF USE.

Several persons owned a woolen mill situate on a piece of land north of a creek, and H., one of the owners of the mill, owned a tract of land east of that on which the mill was situate, which tract extended south of the stream. The mill was reached by a private way westerly along the land of H. south of the stream, thence across a bridge, and north along the land of H. east of the woolen mill to the front door thereof. H. sold his interest in the woolen mill, the deed reciting that he conveyed the right to pass or repass on the north side of the land south of the creek, where there was a private road, and thence across the factory bridge as it then lay, the right of way not to extend over a strip three rods in width. *Held*, that where those claiming under the deed had used the land north of the creek so as to raise a practical construction of the deed to the effect that the way north of the creek was included in the grant of way in the deed, as the bridge was not more than 13 feet wide, and the way north of the stream acquired by practical construction, rather than clear grant, the use of the way north of the stream should be limited to a reasonable necessity.

Appeal from special term, Montgomery county.

Action by Delinda Ann Smith and others against Abram Sponsable. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Prior to April 1, 1846, John W. Riggs, Aziel Hough, and Henry Adams were the owners of a certain plot of land upon which was a woolen mill situated north of Zimmerman's creek. The property was reached by a bridge crossing the creek at the southeast corner of the land, and from thence by a private way westerly from North Division street to this bridge. The land east of the woolen-mill property, called the "saw-mill property," was owned by Aziel Hough alone. That land extended south across the creek to a line in this private right of way. On April 1, 1846, Riggs conveyed his third interest in the woolen mill to parties under whom the plaintiffs claim. This deed, after having described the woolen-mill property, continues with the following words: "Together with the privilege to go to and from said factory." On April 15, 1847, Aziel Hough conveyed his undivided third to the same parties. This deed also provides and continues as follows: "Also the right to pass and repass from the road running from A. Hough's store northerly to said woolen factory (now North Division street) on the north side of the last-mentioned piece of land herein conveyed, where there is a private road used for that purpose, and thence across the factory bridge as it now lies; said right of travel not to extend over a strip of ground above three rods wide." There-

after Adams conveyed his undivided third to the same parties, referring to the
Hough deed for his description of the premises conveyed.

Argued before PARKER, P. J., and EDWARDS, MERWIN, and
SMITH, JJ.

N. J. Herrick, for appellant.

E. R. Hall (H. V. Borst, of counsel), for respondents.

SMITH, J.    The plaintiffs claim under the Hough deed.    The
right of way south of the bridge is, the south part thereof, upon
land which was owned by the three in common; the north part
thereof, upon the sawmill lot, which was owned by Hough alone.
The learned judge at special term has found that the sawmill lot
belonged to the same three parties who owned the woolen-mill lot,
and has found that the right of way intended to be given was a
right of way three rods wide, extending not only from North Divi-
sion street to the bridge, but north of the bridge around to the north
side of the factory, over the land which was formerly owned by
Hough alone.    This finding of fact as to the ownership of the saw-
mill lot is evidently an inadvertence, as there is no claim upon this
argument that Smith and Adams had any interest whatever in that
lot.    The first deed to the woolen-mill lot was given by Riggs.    The
right of way which he assumed to give clearly could not have been
north of the bridge, as the property east of the woolen mill and
north of the bridge was not his property.    Then follows the deed
from Hough, who did own the property east of the woolen mill and
north of the bridge.    This deed, it will be noticed, reserves the
right to pass and repass from North Division street to said woolen
factory on the north side of a piece of land which was south of the
creek, "where there is now a private road used for that purpose, and
thence across the factory bridge as it now lies; said right to travel
not to extend over a strip of land above three rods wide."    It would
seem clear that the right of way assumed to be given was the right
of way south and east of the bridge from the bridge to North Divi-
sion street, and "thence across the factory bridge."    This property
was just across the bridge.    The mill could have been used from
that point.    This deed from Hough does not of itself clearly pass
any title to this road north of the bridge and east of the woolen fac-
tory.    The same consideration appears in the deed from Hough as
in the deeds from the other parties, and the presumption is rather
against the fact that he was deeding a substantial part of his land
more than was included in the other deeds.    At the time, however,
that these deeds were made, it appears from the evidence that the
front door of the woolen mill was upon the north side, and it was
customary to drive to the woolen mill by a roadway along the east
thereof, and upon this property of Hough.    This continued as long
as the mill was used, for upwards of 40 years, and constitutes, in our
judgment, a practical construction of this deed, as giving a right of
way north of the bridge along the east side of the mill around to the
front door.    In 1860 or 1861 an addition was built upon the front
of the mill, which rendered it the more necessary to go upon the
lands of Hough in order to reach the front door of the mill; and

that was acquiesced in by the defendant's grantors for over 30 years. Assuming, then, that this deed, as practically construed by the parties, granted a right of way over the lands of Hough around to the north of the mill, the question arises as to what is the extent of the right of way given. It will be noticed that the right is to pass and repass, and the right of travel is not to extend over a strip of land above three rods wide. The bridge itself is about 13 feet wide. The northerly line of this right of way, which has now become a public street, comes to the southeast corner of the bridge. If that line be the northerly line of this right of way, then at the bridge the right of way is not three rods in width. The deed does not grant in terms a right of way three rods wide, but three rods is the limit which can be asked or claimed by the grantees. Within that limit we apprehend the width of the right of way must be regulated by a reasonable necessity. Considering the right as one to pass and repass only, and the wording of the grant that it should not exceed three rods in width, a reasonable interpretation of the grant would not require the right of way to be three rods at the bridge, nor any wider than the bridge itself, which is shown to be substantially the same as when the right of way was granted. It follows, then, that the north line of this right of way should properly be extended to the southeast corner of the bridge, and that the land between that line and Zimmerman's creek on the north was not included in the right of way granted. Upon the north of the bridge there is a space between the western point of the barn and the hitching post of about 20 feet, and north of the barn there seems to be all the space necessary for turning around. Inasmuch as the title to this right of way north of the bridge is found by practical construction rather than clear grant, we think the court should construe with some liberality to the defendant the limit of that right of way as to what is demanded by reasonable necessity. There seems to be abundant room for teams to pass west of the barn as it is now located, and we see nothing in the reasonable necessity of the situation calling at that place for a broader right of way, or calling for the defendant to remove that barn. Our conclusion, therefore, is that the judgment cannot be sustained.

Judgment reversed, with costs to appellant to abide event of action. All concur, except PARKER, P. J., who dissents.