■ CITY OF ROME, Appellant, v MINICA M. VESCIO, Respondent.—Judgment unanimously modified, on the law and facts, in accordance with memorandum, and as modified, affirmed, with costs to defendant. Memorandum: This dispute concerns a parcel of land approximately 50 feet by 100 feet in the 200 block of South James Street which the City of Rome acquired by warranty deed in 1961 from A. and R. Bove. Subsequent to this purchase, and pursuant to the urban renewal plan, the city discontinued certain streets and alleys within the project. In 1963 the city obtained a qualified developer for a large portion of the urban renewal project and sold this portion (parcel B) to Ballantyne Development Corporation for $400,000. The deed conveying parcel B is dated May 11, 1964, but it does not include the Bove parcel. After a title guarantee company refused to approve the necessary title in certain streets and alleys within the urban renewal project area, the city commenced a condemnation proceeding for such streets and alleys. Pursuant to an order of the Supreme Court, the city acquired fee title to all streets and alleys and previously unacquired strips and gores that it had not previously acquired. On February 16, 1966 the city executed and conveyed a deed to the Ballantyne Development Corporation which conveyed "all that land lying within the bounds of former streets and alleys and all strips and gores *heretofore not already acquired* by the City of Rome or lying within the following described parcel" (emphasis supplied). The description of this parcel encompasses the Bove parcel. On April 24, 1974 the city by Ordinance No. 3894 authorized the sale of the Bove parcel at public auction. On May 17, 1974 the city approved the sale of the parcel to defendant Vescio, the highest bidder, for the sum of $3,500. On August 8, 1974 a resolution of the board of estimates and contracts was passed rescinding the sale and declaring that the city had no legal title to the property. Defendant's down payment was returned with a notation that the city had no title to the parcel and that it had previously deeded it to Ballantyne Development Corporation. Ballantyne Development Corporation thereafter conveyed the Bove parcel by quitclaim deed to defendant who has paid city taxes thereon. On July 23, 1975 the city council passed Ordinance No. 4051 which conveyed a right of way over the property to an adjoining landowner. In the instant action the city sought an injunction against the defendant from using the Bove parcel and to quiet title to said property. The defendant Vescio moved for a judgment which would dismiss the complaint, declare that she is the owner of the land in question and declare Ordinance No. 4051 null and void. The trial court held, after a trial, that the city's action for an injunction be denied and dismissed; that the title of the property is vested in defendant Vescio and that Ordinance No. 4051 is invalid and ineffective to convey the purported right of way. The primary question on this appeal is whether the 1966 deed from the City of Rome to Ballantyne Development Corporation conveyed the property previously conveyed to the city by Bove in 1961. Since the 1966 conveyance to Ballantyne only conveyed property "heretofore not already acquired" by the city, the city argues that such conveyance could not have included the Bove property because the city had acquired that property in 1961. Hence, the city concludes it still owns the Bove parcel. We cannot agree with this contention. The city's assertion that it is the present owner of the Bove

parcel is wholly inconsistent with its previous action in rescinding its sale to Vescio at public auction of this same property. It claimed at that time (1974) that it could not complete the sale to Vescio inasmuch as it had previously conveyed title to the Bove parcel to Ballantyne. It did not have any legal title to convey to Vescio. Subdivision 3 of section 240 of the Real Property Law provides: "[e]very instrument creating, transferring, assigning or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as such can be gathered from the whole instrument, and is consistent with the rule of law". Where, however, the language used in a conveyance is susceptible of more than one interpretation the courts will look into the surrounding circumstances and the situation of the parties *(Loch Sheldrake Assoc. v Evans,* 306 NY 297, 304). Where the language in the deed is ambiguous, such "ambiguity is to be construed most strongly against the grantor" *(Matter of City of New York [Eltingville Realty Corp.],* 56 Misc 2d 943, 945, revd on other grounds 33 AD2d 712, affd 27 NY2d 943; see *Horton v Niagara Lockport & Ontario Power Co.,* 231 App Div 386; *Gaylord v Barnes,* 128 App Div 810). Additionally, in construing a deed controlling force is given to the "particular" over the "general" description regardless of which appears first in the instrument (1 Patton Titles [2d ed], § 156). In the deed before us certain purported limiting language is directly contradicted by the actual description of the property thereby creating an ambiguity. Construing the ambiguity most strongly against the grantor and giving preference to the particular description in the 1966 deed, we find that title to the subject property was conveyed by the city to Ballantyne in 1966. Therefore, it was proper for the trial court to deny the city's motion for an injunction against Vescio and to refuse to grant the city a judgment declaring that it still owned the property. However, the record contains a deed from Ballantyne Development Corporation to Northeast Urban Corporation which encompasses the Bove parcel and which is prior in time to the defendant's deed. Since Northeast Urban Corporation was not a party to this action, that part of the judgment appealed from which vests title in the property to Vescio should be deleted since it would be improper to make a judicial determination as to title at this time without affording Northeast Urban Corporation an opportunity to assert whatever rights it may claim to this property. (Appeal from judgment of Oneida Supreme Court—injunction.) Present—Moule, J. P., Cardamone, Dillon and Goldman, JJ.