OPINION OF THE COURT
Anthony J. Ferraro, J.
Plaintiff and defendant both move for summary judgment in this action to compel a determination of a claim to real property pursuant to article 15 of the Real Property Actions and Proceedings Law. .
On January 19, 1931, plaintiff and defendant entered into a written agreement by virtue of which plaintiff granted an easement to defendant through lands of the plaintiff to provide for an extension of Pine Brook Boulevard, a public street in the City of New Rochelle. The easement was duly recorded in liber 3119 of deeds at page 436.
The agreement contains the following language:
"The party of the first part does hereby give grant, bargain, sell and convey unto the City of New Rochelle, the party of the second part herein, its successors and assigns, an ease *465 ment in and right of way through, in and upon the following described premises for the purpose of constructing and maintaining a street and roadway and all of the appurtenances accessory thereto including the construction and maintenance of drains, sewers, water supply lines, telephone conduits, gas pipes, electric light conduits and any and all other appropriate and usual street accessory appliances, giving and granting fully and generally the right to use the following described premises for any city purpose or service.
"The parties hereto shall have the right and privilege to make connections with said roadway and with the sewers and drains and other appliances maintained therein or thereunder, and the party of the second part shall have the right and privilege to construct additions or alterations to said roadway, sidewalks, sewers and drains or other appliances upon said premises from time to time.
"That the Village of Larchmont, its successors and assigns, on each side of Pine Brook Boulevard, where the same crosses land of the Village of Larchmont,. shall have the right to lot frontages on said Boulevard and right of entry, egress and ingress to and over said Boulevard. Also the same right to connect to and with public utilities within said Boulevard.”
The agreement contains a specific metes and bounds description of the entire parcel included in the easement.
On September 5, 1978, plaintiff commenced this proceeding to declare its title to that portion of the easement not being actually used as a roadway.
The answer does not deny that the plaintiff is the owner of the fee of the entire parcel and that the conveyance was for an easement for right of way purposes for the construction and maintenance of Pine Brook Boulevard. The answer does deny that the purpose of the conveyance has been accomplished by the construction of Pine Brook Boulevard and that the excess property is not being used or is not necessary for the purposes of Pine Brook Boulevard.
The portion of the easement not presently being used for roadway purposes contains approximately five acres, has a frontage of 800 feet of Pine Brook Boulevard, has been appraised for $60,000 and will accommodate seven one-family homes.
Statutory law dictates that every instrument creating an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be *466 gathered from the whole instrument, and is consistent with the rules of law.
Where an easement is created by express grant and its sole purpose is to provide ingress and egress but it is not specifically defined or bounded, the rule of construction is that the reservation refers to such right of way as is necessary and convenient for the purpose for which it was created. When the right of way is not bounded in the grant, the law bounds it by the line of reasonable enjoyment. (Dalton v Levy, 258 NY 161; Grafton v Moir, 130 NY 465; Le Sawyer v Squillace, 14 AD2d 961; Smith v Sponable, 54 App Div 615.)
Although the agreement purports to grant the right to use the parcel for any city purpose and includes the right to make additions and alterations from time to time, the intention of the parties in this regard has been sealed by the performance. The only city purpose utilized by the city was the construction of the roadway and the appurtenant drains and utilities and no additions or alterations have become necessary since initial construction 45 years ago. The purpose of the easement has therefore been completely fulfilled.
The reservation of the fee to the parcel by the Village of Larchmont cannot be challenged. If there was an intention to convey the fee, a deed would have been executed. The court cannot by construction convert the grant of an easement to a fee conveyance. The reservation by the village of the right to lot frontages on Pine Brook Boulevard and to connect to utilities therein, crystallizes the clear intention to retain and utilize the excess land upon completion of the roadway and appurtenances. The village’s enjoyment of this fee cannot be suspended indefinitely by general language in contemplation which has been rendered ineffective by execution. The law does not sanction suspension of title to realty and forebearance of the enjoyment of the fruits thereof. Land should not lay in limbo limited by the expectation of possible future use.
Furthermore, the failure to use the remaining property upon completion of the roadway and installation of its appurtenances constitutes, after 45 years, an abandonment of such property for any further easement purposes. Since abandonment can extinguish an entire easement, it can likewise extinguish such portion of an easement which becomes surplusage to the intended and executed purpose of the grant. (Norris Hoffman, 133 App Div 596, affd 197 NY 578; Small v Levitt, 110 NY 595; Wilson v Ford, 148 App Div 307.) The *467 actual use has, in this instance, defined the extent of the easement. (People v Sutherland, 252 NY 86; Walker v Caywood, 31 NY 51; Foster v Webster, 8 Misc 2d 61.)
The fact that the village has failed until now to claim the fee to the remaining property does not preclude this proceeding.
A fee title cannot be destroyed by delay in the exercise of the right thereto. Title can only be divested by conveyance, or by adverse possession which is not claimed herein. Laches cannot deplete legal title for the law exacts no diligence as a condition to the retention of title to property.
Defendant’s argument that this extra land is necessary to prevent flooding of the established roadway can bear no weight for the legal responsibility to prevent flooding falls upon the legal owner of the land which harbors the potential therefor.
Plaintiffs motion for summary judgment is therefore granted and plaintiff declared the owner of all land not actually being used as a roadway or for utilities, drains and other necessary appurtenances.