■ UNIVERSAL BROADCASTING CORP., Appellant, v INCORPORATED VILLAGE OF MINEOLA et al., Respondents. [596 NYS2d 111] —In an action to compel the determination of a claim to real property pursuant to RPAPL article 15, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered February 14, 1991, as granted the motion of the defendant Incorporated Village of Mineola for summary judgment dismissing the complaint and denied the plaintiff's cross motion for partial summary judgment.

Ordered that the order is modified by deleting the provision thereof granting the defendant Incorporated Village of Mineola's motion for summary judgment, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff payable by the Incorporated Village of Mineola, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

In 1983, the plaintiff deeded two parcels of land to the Incorporated Village of Mineola (hereinafter the Village) in contemplation of a proposed street extension. The deed provided that "[t]his conveyance is made for street purposes only". It also contained a provision reserving the plaintiff "an easement for ingress and egress over the entire area of Parcel 2 * * * for both pedestrian and motor vehicle use". The stated purpose of the easement was to provide access in perpetuity to the street.

For several years, the plaintiff maintained a driveway over

Parcel 2 providing motor vehicle and pedestrian access to and from the street. In 1988, the Village permitted the defendant DeNicola Bros., Inc. (hereinafter DeNicola) to erect a six-foot-high cyclone fence on Parcel 2 and to store trucks, trailers, and heavy equipment there. DeNicola's acts apparently did not interfere with the plaintiff's driveway, but the plaintiff asserted in its complaint that those acts violated the deed and the easement. On the Village's motion for summary judgment, the Supreme Court dismissed the complaint, holding, *inter alia,* that the Village had not interfered with the easement by permitting DeNicola to use the parcel. The court found that the easement did not run over the entire parcel, and that it referred only to such right-of-way as was necessary for the purpose for which it was created. Significantly, the court did not address the meaning of the words "for street purposes only".

We find that the Supreme Court should not have granted the motion for summary judgment. It is well settled that "in a motion for summary judgment, the moving party has the burden of setting forth evidentiary facts to establish his cause sufficiently to entitle him to judgment as a matter of law [and] anything else requires a denial' the motion even where the opposing papers are insufficient' " *(County Oil Co. v Bayview Owners Corp.,* 181 AD2d 809, quoting *Coley v Michelin Tire Corp.,* 99 AD2d 795, 796; *see also, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Higen Assocs. v Serge El. Co.,* 190 AD2d 712). Only when the moving party has offered sufficient evidence to demonstrate the absence of any material issue of fact does the burden shift to the party opposing summary judgment to produce evidentiary proof in admissible form sufficient to establish material issues of fact which require a trial of the action *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Prince v DiBenedetto,* 189 AD2d 757).

It is well settled that every instrument creating an estate or interest in real property must be construed according to the intent of the parties *(see, Herman v Roberts,* 119 NY 37, 42-43; *Village of Larchmont v City of New Rochelle,* 100 Misc 2d 463, 466). We find that the import of the provision, "[t]his convey-ance is made for street purposes only", is not plainly evident from the deed *(cf., Mazzola v County of Suffolk,* 143 AD2d 734, 735). We are thus presented with a material issue of fact which cannot be resolved as a matter of law *(cf., Dalton v Levy,* 258 NY 161, 167; *Grafton v Moir,* 130 NY 465, 471; *Herman v Roberts, supra,* at 45; *Village of Larchmont v City of New Rochelle, supra).* Given that the above provision may

have an impact on the legitimacy of DeNicola's use of Parcel 2 and the extent of the plaintiff's easement over Parcel 2, it was improper to summarily dispose of the claims relating to either of these issues.

In light of our determination, the matter is remitted to the Supreme Court for further proceedings. Balletta, J. P., Eiber, Ritter and Santucci, JJ., concur.