■ In the Matter of MOUNTAIN MEADOWS CAMPERS ASSOCIATION, INC., Appellant, v COUNTY OF ERIE DEPARTMENT OF HEALTH et al., Respondents. [600 NYS2d 863] —Judgment unanimously reversed on the law with costs and petition granted in accordance with the following Memorandum: We disagree with the interpretation made by Supreme Court that the deed dated July 25, 1980 did not convey to petitioner a common area consisting of a strip 10 feet in width immediately adjacent to Mountain Meadows Lake. The deed conveyed part of certain lots "more particularly shown on a certain subdivision Map of Mountain Meadows Park filed in the office of the Clerk of the County of Erie, New York on June 6, 1978 under Map Cover Number 2397A as being the Common Areas in said subdivision, being all of the areas outside of the campsites shown on said subdivision map and the areas shown thereon as being reserved to the developer and to Erie County Sewer District #3." The deed further provided that "[t]he premises conveyed herein are designated as 'Common Areas' as defined in the Declaration identified above." The Declaration was identified above as "the Declaration * * * heretofore filed in the office of the Clerk of the County of Erie, New York on September 28, 1979, in Liber 8836 of Deeds at Page 145." In Article I, the Declaration defines common areas as "the access

roads, camping trails, lakes, wooded areas and open areas shown on the subdivision map as being areas outside the boundaries of the 260 campsites, excluding only those areas specifically reserved to the Developer and to Erie County Sewer District Number 3 for erection of a Sewage Treatment Plant." Later, in Article XIII, the Declaration expanded upon the definition of common areas by providing:

## "WATERFRONT AREAS

* * *

"d. *Use of Areas Adjacent to Lakes and Ponds* The common area in Mountain Meadows Park includes the area approximately 10 feet in width immediately adjacent to all of the lakes and ponds and entrance ways to said areas. * * * The said areas, including the entrance ways, are shown on the subdivision map on file in the Erie County Clerk's Office. All use of these areas adjacent to the lakes and ponds shall be subject to such rules and regulations as the Association may adopt from time to time."

Four maps were filed in the Clerk's Office showing Mountain Meadows Camping area. The first is an overall map showing the entire area, including all of the lakes and ponds. That is the only map showing Mountain Meadows Lake. The other three maps show phases I, II and III and the subdivision of the land into lots. The map designated phase II shows a pond and the other lakes in the area and a 10-foot strip around the lakes and pond. The overall map of the area does not show a 10-foot strip around Mountain Meadows Lake, but neither does it show a 10-foot strip around the lakes and pond shown on the map of phase II. Thus, the deed, the Declaration and the maps, viewed together, create an ambiguity, which we must resolve. Construing the ambiguity most strongly against the grantor *(see, City of Rome v Vescio,* 58 AD2d 990, 991, *revd on other grounds* 45 NY2d 980), we conclude that it was the intention of the parties to grant to petitioner a 10-foot strip around *all* lakes and ponds in Mountain Meadows Park and that the parties did not intend to make an exception for Mountain Meadows Lake. The other evidence of the parties' intent is contained in the language of the Declaration, which permits swimming only in Mountain Meadows Lake and only in the areas designated as the beach area. The Declaration provides that the areas adjacent to the lakes shall be subject to the rules and regulations of petitioner. An offering plan filed by respondent Camper Resorts, Inc., (Camper Resorts)

with the State Department of Law describes the beach area as being on the north section of the lake and a general development plan attached to the offering plan shows the beach area to be on the north end adjacent to the lands of petitioner. Further, the offering plan indicates that petitioner is responsible for the operation of the beach because the list of common area assessments to be made by petitioner includes: "Swimming Beach. The estimated cost of labor for a life guard to supervise beach area during the swimming season." The Declaration and the offering plan give petitioner control of the use of Mountain Meadow Lake including its use for swimming, further indicating an intention to convey to petitioner a 10-foot strip around the lake.

Finally, we conclude that, although Camper Resorts is entitled to use the common area along with the campsite owners, it is not entitled to maintain a beach on the common area in front of its property, because it would "unreasonably interfere with the rights of said owners." The Declaration and the offering plan clearly indicate that swimming is allowed on the lake in one beach area only and that area is to be controlled by petitioner. Promulgation of rules and regulations for the use of the lake area is within the sole province of petitioner. For the foregoing reasons, petitioner is entitled to revocation of the beach permit for the operation of a bathing beach. (Appeal from Judgment of Supreme Court, Erie County, Sedita, J.—Article 78.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.