■ Frank J. Blangiardo, Respondent, v Richard Horstmann, Respondent, Nassau Point Property Owners Association, Inc., Appellant, et al., Defendant. [822 NYS2d 545]—

In an action, inter alia, pursuant to RPAPL article 15, to compel the determination of claims to real property, the defendant Nassau Point Property Owners Association, Inc., appeals, as limited by its brief and letter dated May 30, 2006, from (1) so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 4, 2005, as denied its motion to confirm a Referee's report dated April 16, 2004, and (2) so much of a judgment of the same court entered June 8, 2005, as, among other things, upon the order dated April 4, 2005, dismissed the complaint and determined that the defendant Richard Horstmann was the owner in fee of the disputed real property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, the motion is granted, the complaint is reinstated, the defendant Nassau Point Property Owners Association, Inc., is adjudged to be the owner in fee of the disputed real property, and the order dated April 4, 2005, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The parties dispute ownership of a 10-foot wide beach access path located within a subdivision in the Town of Southold, Suffolk County, which was originally developed by the Nassau Point Club Properties, Inc. (hereinafter NPCP). The defendant Richard Horstmann, who owns lot 54 in the subdivision, and the defendant Nassau Point Property Owners Association, Inc. (hereinafter Nassau Point), the purported successor-in-interest to NPCP, both claim title to the path, the latter for the benefit of its members. The plaintiff owns lot 53, which is adjacent to Horstmann's lot, and contends that Nassau Point holds title to the path. The parties do not dispute Horstmann's chain of title to lot 54.

In October 1919 NPCP filed a map, designated as Map 745, based on a June 7, 1919 survey, which in pertinent part was entitled a "Proposed Subdivision" map. Map 745 depicts, among other things, several paths between beachfront lots from the roadway to the beach, but does not depict such a path between

lots 53 and 54. Thereafter, in October 1920, NPCP filed an amended subdivision, designated as Map number 753, which referred to the same June 7, 1919 survey as Map 745. Further, in contrast to Map 745, Map 753 depicted landlocked lots opposite lots 53 and 54, and depicted a beach access path between lots 53 and 54, which was carved out of lot 54.

In June 1921 NPCP conveyed lot 54 to Christina L. Cadigan and, after several conveyances over the years, lot 54 eventually was conveyed to Warren Augenthaler, Horstmann's direct predecessor-in-interest. Significantly, in all the conveyances from NPCP to Augenthaler, the deed describing lot 54, inter alia, referred to the title of Map 745, but not its filing number designation, and made no reference to Map 753. In September 1994 Augenthaler conveyed lot 54 to Horstmann. Unlike all the prior conveyances, in describing lot 54, the deed to Horstmann specifically referred to Map 753, but contained a metes and bounds description of the property that tracked the dimensions shown in Map 745.

In July 2003 the Supreme Court referred the matter to a Referee, and two months later, in September 2003, Horstmann filed a "Correction Deed" in which the description of lot 54 was changed to refer to Map 745, instead of Map 753. In concluding that Horstmann had failed to establish that he held title to the path, the Referee found that Horstmann could not rely on the original 1921 conveyance from NPCP to Cadigan, which described lot 54 by referring to the title of Map 745, because Map 745 had effectively been withdrawn in October 1920 when NPCP filed Map 753. Accordingly, the Referee found that in 1921, NPCP had intended to convey to Cadigan lot 54 as depicted in Map 753. Further, the Referee rejected the validity of Horstmann's September 2003 Correction Deed on the ground that in September 1994, Horstmann had accepted the deed that specifically referred to Map 753, and because Horstmann's conduct between September 1994 and the instant litigation (i.e., not paying property taxes for the path, building a fence abutting the path) refuted his claim of ownership over the path. Accordingly, the Referee concluded that Nassau Point held title to the path.

Thereafter, Nassau Point moved to confirm the Referee's report, which Horstmann opposed. The Supreme Court denied Nassau Point's motion and determined that Horstmann held title to the path. In its analysis, the court stated that all the conveyances of lot 54, from NPCP's conveyance to Cadigan through the conveyance to Augenthaler, clearly referred to that property as depicted in Map 745, which did not depict the

disputed path, and accordingly, the Correction Deed was valid because it corrected the erroneous reference to Map 753 in the September 1994 conveyance from Augenthaler to Horstmann.

The construction of deeds is a matter of law (see Real Property Law § 240 [3]; Iulucci v James H. Maloy, Inc., 199 AD2d 720 [1993]; Universal Broadcasting Corp. v Incorporated Vil. of Mineola, 192 AD2d 518 [1993]). Parol evidence is admissible to resolve ambiguities in a deed (see Wilson v Ford, 209 NY 186 [1913]; 2 Warren's Weed, New York Real Property, Claims to Real Property § 24.14 [5th ed]).

In the case at bar, the initial question is what NPCP conveyed to Cadigan in 1921 when it transferred title of lot 54 to her (see Town of Brookhaven v Dinos, 76 AD2d 555 [1980], affd 54 NY2d 911 [1981]; see also Thurlow v Dunwell, 100 AD2d 511 [1984]). In NPCP's September 1921 conveyance of lot 54 to Cadigan, the deed described the property in pertinent part as the land "known and designated as Lot Fifty-four on a certain map entitled 'Map of Proposed Subdivision, Section B, [NPCP], situate on Nassau Point Suffolk County, N.Y., surveyed by Wallace H. Halsey . . . Southampton, N.Y., June 1919.' " Although the deed does not identify the map by its file number, the title of the referenced map matches the title of Map 745, which undisputedly does not depict a path between lots 53 and 54. However, it is also undisputed that in October 1921, nearly one year before NPCP conveyed lot 54 to Cadigan, NPCP had filed "Amended Map A of Section B [NPCP], situate on Nassau Point Suffolk County N.Y." which depicted a path between lots 53 and 54. Accordingly, because the deed to Cadigan does not specifically identify the map designation number or the filing date of the referenced map, NPCP had already filed an amended subdivision map at the time of the conveyance, and both Maps 745 and 753 were based on the same survey, an ambiguity in the deed exists which parol evidence is admissible to resolve (see Real Property Law § 240 [3]; Wilson v Ford, supra). Until Horstmann's cross claim in the instant action, and despite the fact that all the conveyances between NPCP and Augenthaler referenced the title of Map 745, neither Horstmann nor any of his predecessors-in-interest asserted any actual or constructive ownership of the disputed path. Augenthaler's September 1994 conveyance to Horstmann is the first in Horstmann's chain of title to describe lot 54 by specifically referencing "Map 753." Further, it was not until 2003 that Horstmann made any claim of title over the area of the disputed path, a contention in opposition to his conduct over the previous nine years, which had indicated his acceptance of the description of lot 54 as set forth

in Map 753, such as paying property taxes in an amount that did not include the path and building a fence that abutted the path (*see Iulucci v James H. Maloy, Inc., supra; Matter of Mountain Meadows Campers Assn. v County of Erie Dept. of Health,* 195 AD2d 1059 [1993]). Under the circumstances, Horstmann's September 2003 Correction Deed, filed after commencement of the instant litigation, was invalid. In sum, as the Referee's report was "substantially supported by the record, and the Referee has clearly defined the issues and resolved matters of credibility," the Supreme Court erred in rejecting the report (*Stone v Stone,* 229 AD2d 388, 388 [1996]; *see Capili v Ilagan,* 26 AD3d 354 [2006]; *Thomas v Thomas,* 21 AD3d 949 [2005]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.