Matter of Santangelo (2018 NY Slip Op 03844)





Matter of Santangelo


2018 NY Slip Op 03844


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-00677

[*1]In the Matter of Clare Santangelo, deceased. Catherine Waldron, respondent; Susan Santangelo, appellant. (File No. 32/12)


Zara Watkins, New York, NY, for appellant.
Wruck & Wallace, LLP, Patchogue, NY (Ernest R. Wruck of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which Catherine Waldron, as executor of the decedent's estate, petitioned for the judicial settlement of her final account of the estate, the objectant appeals from an order of the Surrogate's Court, Suffolk County (Stephen L. Braslow, S.), entered June 26, 2015. The order denied the objectant's motion for summary judgment determining that the subject real property is not an asset of the decedent's estate.
ORDERED that the order is reversed, on the law, with costs payable by Catherine Waldron personally, and the objectant's motion for summary judgment determining that the subject property is not an asset of the decedent's estate is granted.
Catherine Waldron and Susan Santangelo (hereinafter the objectant) are sisters and the only children of the decedent. Before her death, the decedent purchased real property in Florida. The deed to the property stated that the decedent and Waldron were taking title to the property "as joint tenants with right of survivorship." The decedent's will appointed Waldron as executor. After the decedent's death, Waldron, as executor, rendered a final accounting of estate assets and expenses, which listed the property's appraised value as an asset and all expenses associated with the property as expenses. Waldron thereafter sold the property in her individual capacity for less than its appraised value. The objectant filed objections to the accounting, arguing that the property passed to Waldron by operation of law upon the decedent's death, and therefore, the property and all expenses related to the property should be removed from the accounting. The objectant thereafter moved for summary judgment determining that the property is not an asset of the estate. The Surrogate's Court denied the motion, and the objectant appeals.
EPTL 3-5.1(b)(1) provides: "The formal validity, intrinsic validity, effect, interpretation, revocation or alteration of a testamentary disposition of real property, and the manner in which such property descends when not disposed of by will, are determined by the law of the jurisdiction in which the land is situated." Accordingly, Florida law governs the disposition of the property (see Matter of Parisi, 111 AD3d 941, 944-945). The objectant demonstrated her prima facie entitlement to judgment as a matter of law by submitting the deed, which expressly and unambiguously states that the decedent and Waldron, in her personal capacity, took title to the [*2]property as joint tenants with a right of survivorship (see Fla Stat § 689.15; Marger v De Rosa, 57 So 3d 866, 867 [Fla Dist Ct App]; Hurlbert v Shackleton, 560 So 2d 1276, 1279 [Fla Dist Ct App]).
In opposition, Waldron failed to raise a triable issue of fact. Since the deed was clear and unambiguous, parol evidence with respect to a contrary intent was not admissible (see Foucart v Paul, 516 So 2d 1035 [Fla Dist Ct App]; see also Datena v JP Morgan Chase Bank, 73 AD3d 683, 685, citing Loch Sheldrake Assoc. v Evans, 306 NY 297; Blangiardo v Horstmann, 32 AD3d 876, 879; Board of Trustees of the Internal Improvement Trust Fund, 805 So 2d 22, 25-26 [Fla Dist Ct App]).
Accordingly, the Surrogate's Court should have granted the objectant's motion for summary judgment determining that the property is not an asset of the decedent's estate.
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court