Deckoff v W. Manning Family Ltd. Partnership (2021 NY Slip Op 02272)





Deckoff v W. Manning Family Ltd. Partnership


2021 NY Slip Op 02272


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-04770 
2018-06490
 (Index No. 51613/15)

[*1]Stephen H. Deckoff, appellant, 
v
W. Manning Family Limited Partnership, et al., respondents.


Aronauer & Yudell, LLP, New York, NY (Joseph Aronauer of counsel), for appellant.
Cyruli Shanks Hart & Zizmor LLP, New York, NY (James E. Schwartz of counsel), and Friedman Kaplan Seiler & Adelman LLP, New York, NY (Robert S. Smith of counsel), for respondents (one brief filed).



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated March 27, 2018, and (2) a judgment of the same court dated May 29, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2015, the plaintiff commenced this action against the defendant W. Manning Family Limited Partnership (hereinafter the Partnership) for specific performance of a contract for the sale of certain real property in Bedford (hereinafter the subject property). According to the complaint, the plaintiff and the Partnership entered into a contract for the sale of the subject property on September 17, 2014. Thereafter, Wilbur Manning, the general partner of the Partnership, died, and the Partnership repudiated the contract, refusing to sell the subject property.
By way of background, Wilbur and Colette Manning acquired the subject property as spouses in 1967. The following year, they divorced. As a result of the divorce, Colette and Wilbur owned the subject property as tenants in common, as their ownership as tenants by the entirety was extinguished as a matter of law (see Holley v Hinson-Holley, 101 AD3d 1084, 1085). [*2]In a quitclaim deed dated September 18, 1997, Colette conveyed to Wilbur all of her "undivided 50% interest in and to the undivided 50% interest of Wilbur . . . in and to" the subject property. Colette died in 2009. In a quitclaim deed dated August 13, 2010, Wilbur conveyed his interest in the subject property to the Partnership. According to the plaintiff, he and the Partnership, through Wilbur as general partner, entered into a contract for the sale of the subject property in September 2014. Wilbur died shortly thereafter.
After discovery, the defendants, including the five children of Colette and Wilbur, who intervened in the action, moved for summary judgment dismissing the complaint, arguing that the Partnership did not have an ownership interest in the subject property. The plaintiff opposed the motion. In an order dated March 27, 2018, the Supreme Court granted the defendants' motion and, thereafter, a judgment in favor of the defendants was entered. The plaintiff appeals.
"The construction of deeds is a matter of law" (Blangiardo v Horstmann, 32 AD3d 876, 879; see Real Property Law § 240[3]). "Every instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240[3]; see NJCB Spec-1, LLC v Budnik, 161 AD3d 885, 887). The intent of the parties is manifested by the language of the deed, and unless the deed is ambiguous, "evidence of unexpressed, subjective intentions of the parties is irrelevant" (Perry v Edwards, 79 AD3d 1629, 1630 [internal quotation marks omitted]; see generally Patsis v Nicolia, 120 AD3d 1326, 1327). However, where "'the language used in a deed is ambiguous such that it is susceptible of more than one interpretation, the courts will look beyond the written instrument to the surrounding circumstances'" (Hartmann v Harris, 136 AD3d 977, 979, quoting Al's Atl., Inc. v Shatma, LLC, 109 AD3d 491, 492).
The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The unambiguous language of the 1997 quitclaim deed demonstrates that Colette's conveyance was limited to any interest she may have had in Wilbur's 50% undivided interest in the subject property. Contrary to the plaintiff's contention, the language of the deed did not demonstrate Colette's intent to convey her undivided 50% interest in the subject property to Wilbur. As Colette retained her undivided 50% interest in the subject property, Wilbur could not convey more than his undivided 50% interest in the subject property to the Partnership through the 2010 quitclaim deed (see Matter of New Cr. Bluebelt, Phase 4, 79 AD3d 888, 891). Generally, the specific performance of a contract for the purchase of real estate may be decreed only where it is possible for the defendant to convey the land (see Ravi Group, LLC v Scott, 186 AD3d 1740). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the Partnership could not convey the subject property to the plaintiff as it owned only an undivided 50% interest in it. In opposition, the plaintiff failed to raise a triable issue of fact (see id. at 1741).
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court