Panarese v Claudio (2023 NY Slip Op 02324)

Panarese v Claudio

2023 NY Slip Op 02324

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-09277
 (Index No. 501969/20)

[*1]Anthony Panarese, etc., et al., respondents,
v
Eileen Claudio, etc., appellant.

Albert Goodwin, New York, NY, for appellant.
Charles G. Fiore, New York, NY, for respondents.

DECISION & ORDER
In an action to quiet title to certain real property, the defendant appeals from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated November 10, 2020. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 1954, the defendant's decedent, Catherine Panarese Bonfandio (hereinafter Catherine), executed a deed (hereinafter the 1954 deed) transferring certain real property in Brooklyn (hereinafter the subject property) to "ANTHONY PANARESE and MARIA PANARESE, his wife." In 1956, Catherine executed a second deed (hereinafter the 1956 deed), which purported to correct the names of the grantees in the 1954 deed to "LUIGI PANARESE and ANGELINA PANARESE, his wife." In 1975, Catherine's father died, and purported to devise the subject property to Catherine by his will.
The present quiet title action, commenced by Catherine's sister, Marie Gatti, and the estate of her brother, Anthony Panarese, arises from these transactions. The plaintiffs assert that the 1954 deed transferred the subject property to them, albeit with a scrivener's error describing them as husband and wife rather than as siblings. The defendant, the preliminary executor of Catherine's estate to whom Catherine purportedly devised the subject property in 2017 via her will, moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. In support of her motion, the defendant contended that the 1954 deed was intended to transfer the subject property to Catherine's parents, but erroneously referred to them by their middle names (or, in the father's case, a variation on his middle name), and that correcting this error was the purpose of the 1956 deed. Accordingly, she contended, Catherine's father could pass good title to Catherine via his will and Catherine could pass good title to the defendant. In an order dated November 10, 2020, the Supreme Court denied the defendant's motion to dismiss the complaint. The defendant appeals.
The construction of deeds is a matter of law (see Deckoff v W. Manning Family L.P., 193 AD3d 812, 813-814; Blangiardo v Horstmann, 32 AD3d 876, 879), and a deed is a proper basis for a motion to dismiss based upon documentary evidence (see CPLR 3211[a][1]). Here, however, the language of the 1954 deed is "ambiguous such that it is susceptible of more than one interpretation" (Deckoff v W. Manning Family L.P., 193 AD3d at 814 [internal quotation marks [*2]omitted]; see Hartmann v Harris, 136 AD3d 977, 979), thus precluding dismissal pursuant to CPLR 3211(a)(1). Although the names of Catherine's parents, as recorded on their birth certificates, were "Panarese Luigi Antonio" and "Torre Angela Maria," the 1954 deed conveyed the subject property to "ANTHONY PANARESE and MARIA PANARESE, his wife." The face of the document does not conclusively establish that the deed was intended to refer to Catherine's mother, using her middle name, and to Catherine's father, using the name Anthony. The 1954 deed therefore does not, standing alone, establish as a matter of law that title passed from Catherine to her father, then back to Catherine by will.
The 1956 deed, which purports to correct the names of the grantees (albeit referring to "Angelina," rather than Catherine's mother's actual name, Angela), also fails to establish as a matter of law that title passed to Catherine's father and then to Catherine. A corrective deed may be valid and enforceable, where it is delivered to and accepted by the grantee (see Garson v Tarmy, 187 AD3d 1149, 1151). Here, where the identity of the grantees in the 1954 deed is the matter in dispute, the corrective deed, even if delivered to and accepted by Catherine's parents, does not resolve title, since, if the 1954 deed actually transferred the property to the plaintiffs, then the 1956 deed was a nullity in the absence of acceptance by the plaintiffs (see Bouffard v Befese, LLC, 111 AD3d 866, 870; ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803).
The defendant further contends that title to the subject property was determined in either a 1976 action brought by Catherine to quiet title to the subject property or the 1975 probate of Catherine's father's will, and that this action is therefore barred by the doctrine of res judicata. The doctrine of res judicata bars parties or those in privity with them from litigating claims that were or could have been raised in a prior action (see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72-73; Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 959; Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 152). However, res judicata only applies where there has been a final adjudication of a claim on the merits (see Hymowitz v Nguyen, 209 AD3d 997, 998; Djoganopoulos v Polkes, 67 AD3d 726, 727).
Here, the record establishes that, although Catherine commenced an action to quiet title in 1976, that action did not result in a final determination on the merits (see Maurischat v County of Nassau, 81 AD3d 793, 794). Similarly, while Catherine sought a decree from the Surrogate's Court declaring that the subject property was part of her father's estate, the order she ultimately obtained contained no such declaration. Accordingly, the Supreme Court properly determined that the doctrine of res judicata does not preclude the plaintiffs' present action to quiet title.
Finally, where a plaintiff seeks to remove a cloud on title, the right to such relief "'is never barred by the Statute of Limitations. It is a continuing right which exists as long as there is an occasion for its exercise'" (Faison v Lewis, 25 NY3d 220, 229, quoting Ford v Clendenin, 215 NY 10, 16; see Orange & Rockland Util. v Philwold Estates, 52 NY2d 253, 261). Accordingly, the Supreme Court correctly determined that the complaint was not subject to dismissal pursuant to CPLR 3211(a)(5) as time-barred.
The defendant's remaining contention is improperly raised for the first time on appeal.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court