Mostafa v Pension Solutions, LLC (2023 NY Slip Op 06134)

Mostafa v Pension Solutions, LLC

2023 NY Slip Op 06134

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-08540
 (Index No. 513876/19)

[*1]Mahamuda Mostafa, et al., appellants,
v
Pension Solutions, LLC, etc., et al., respondents.

Marjory Cajoux, Brooklyn, NY, for appellants.
Lawrence R. Kulak, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action to quiet title and to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated August 12, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of action as time-barred, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.
In November 2003, the defendant Israel Grossman allegedly created the 109 Chester Avenue Trust (hereinafter the Trust), and advised the plaintiff Mahamuda Mostafa to transfer her home in Brooklyn (hereinafter the subject property) into the Trust. Mostafa and her husband then conveyed the subject property to the Trust. In June 2019, Mostafa and the Trust (hereinafter together the plaintiffs) commenced this action, alleging that, unbeknownst to the plaintiffs, the defendants had encumbered the subject property with two "fraudulent" mortgages in April 2005 in favor of the defendant Pension Solutions, LLC, today known as Pension Trust Solutions, LLC, which was owned and operated by Israel Grossman and the defendant Raphael Grossman. The plaintiffs alleged that they became aware of the mortgage liens "because of a foreclosure action filed by [a nonparty] first lienor on the property" (hereinafter the foreclosure action). The first two causes of action in the complaint sought to set aside and cancel, as null and void, the two mortgages held by the defendants. The remaining causes of action sought to recover damages based upon fraud.
The defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In an order dated August 12, 2020, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"In resolving a motion pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the action is barred by the statute of limitations, the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference" [*2](Covert Holdings, LLC v 1019 Irving Realty, LLC, 206 AD3d 691, 692; see Sibrian v 244 Madison Realty Corp., 210 AD3d 1029, 1031). On such a motion, "the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Sibrian v 244 Madison Realty Corp., 210 AD3d at 1031). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Griffin v Perrotti, 121 AD3d 1041, 1042; see Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d 970, 970-971).
Here, the Supreme Court erred in granting those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss as time-barred the first and second causes of action, which sought to set aside and cancel, as null and void, the two mortgages held by the defendants. The Trust, as the alleged owner of the subject property, is "presumptively entitled to possession" (Orange and Rockland Util., Inc. v Philwold Estates, Inc., 52 NY2d 253, 261; see RPAPL 311), and the first and second causes of action seek to remove the cloud on title resulting from the allegedly fraudulent mortgages. "[W]here a plaintiff seeks to remove a cloud on title, the right to such relief 'is never barred by the Statute of Limitations. It is a continuing right which exists as long as there is an occasion for its exercise'" (Panarese v Claudio, 216 AD3d 660, 662, quoting Faison v Lewis, 25 NY3d 220, 229 [internal quotation marks omitted]; see Orange and Rockland Util., Inc. v Philwold Estates, Inc., 52 NY2d 253, 261). Therefore, the defendants failed to establish, prima facie, that the first and second causes of action were time-barred.
However, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss as time-barred the third through sixth causes of action, which sought to recover damages for fraud. "A cause of action seeking damages based upon fraud must be commenced within six years from the time of the fraud or within two years from the time the fraud was discovered, or with reasonable diligence, could have been discovered" (Waldman v 853 St. Nicholas Realty Corp., 64 AD3d 585, 587; see CPLR 213[8]; Seidenfeld v Zaltz, 162 AD3d 929, 934). Here, the alleged fraud occurred in April 2005, and the defendants demonstrated that the plaintiffs had acquired knowledge of the alleged fraud, at the latest, in 2014, as a result of the foreclosure action. Since this action was not commenced until 2019, the defendants demonstrated, prima facie, that the third through sixth causes of action, seeking damages based upon fraud, were time-barred (see Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016, 1017). In opposition, the plaintiffs failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (see Beizer v Hirsch, 116 AD3d 725, 726).
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court