Shen v Ferncliff Cemetery Assn.
2026 NY Slip Op 03994
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Michael Shen, appellant,
v
Ferncliff Cemetery Association, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-02581, (Index No. 50558/23)
Colleen D. Duffy, J.P.
Francesca E. Connolly
Laurence L. Love
Susan Quirk, JJ.

Michael Shen, Troy, Michigan, appellant pro se.
McAngus Goudelock & Courie LLC, Garden City, NY (Aaron M. VanNostrand and Todd R. Harris of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, alleging violations of General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated March 5, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In September 2023, the plaintiff commenced this action against the defendant, alleging, among other things, that the defendant violated General Business Law § 349 with respect to the interment of his brother's remains at the defendant's cemetery. In November 2023, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, inter alia, that the action is time-barred. The plaintiff opposed. By order dated March 5, 2024, the Supreme Court granted the motion. We affirm.
On a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint as untimely, a defendant must establish, prima facie, that the time in which to commence the action has expired (see Barbetta v Facchini, 236 AD3d 623, 625). If the defendant meets this initial burden, "[t]he burden . . . shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or is otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id. [internal quotation marks omitted]; see Cruz v Guaba, 226 AD3d 964, 965). "As a general principle, the statute of limitations begins to run when a cause of action accrues, that is, when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court" (Okafor v Okafor Bldg. Corp., 239 AD3d 875, 878 [internal quotation marks omitted]).
A cause of action based on fraud must be commenced within six years from the date the cause of action accrued or within two years from the time the plaintiff discovered the fraud or could have with reasonable diligence discovered it (see CPLR 213[8]; Lipszyc v Lipszyc, 221 AD3d 992, 994). Here, to the extent that the plaintiff asserted a cause of action sounding in fraud, that cause of action accrued, at the latest, in December 2013, which is the date when the plaintiff alleged that he became aware of an alleged groundwater intrusion issue that he contended the defendant had [*2]concealed (see Mostafa v Pension Solutions, LLC, 221 AD3d 997, 998-999). Since the action was commenced more than six years later in September 2023, the defendant established that any cause of action sounding in fraud was time-barred (see Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016, 1017). In opposition, the plaintiff failed to raise a question of fact with respect to the statute of limitations regarding the cause of action sounding in fraud (see Barbetta v Facchini, 236 AD3d at 626).
A cause of action alleging a violation of General Business Law § 349 is governed by a three-year statute of limitations (see CPLR 214[2]; Williams-Guillaume v Bank of Am., N.A., 130 AD3d at 1017). Here, to the extent that the complaint alleged violations of General Business Law § 349, the statute of limitations on any such cause of action would have expired in December 2016. In opposition, the plaintiff failed to raise a question of fact as to the statute of limitations (see Barbetta v Facchini, 236 AD3d at 626). Thus, the Supreme Court properly determined that these claims are also time-barred.
Further, as the Supreme Court properly determined, based on the allegations in the complaint, there is no applicable cause of action that would be timely under the circumstances (see CPLR 211, 212).
The parties' remaining contentions either are not properly before this Court or need not be addressed in light of our determination.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court