Per Curiam.

We are here concerned with the question of title to certain damage parcels (Nos. 6, 7A, 10, 11, 12, 13, 15, 24, 25, 26, 27 and 131). Special Term held that title to those parcels, which it found were under water, was in the city for the reasons that: (1) the patent from Governor Kieft to Throckmorton, through whom the claimant asserts title, could not be considered to have granted any land under water; (2) the land under water was, accordingly, conveyed to the Town of Westchester, the city’s predecessor in title, by Governor Nicolls; and (3) the Dock Department mean high-water mark of 1897 should be adopted as the true line of mean high water so that all land outshore that mark must be deemed to be under water. The Appellate Division reversed Special Term upon the ground that only the land within the channel of Baxter Creek itself was under water, so that claimant’s predecessors, and not the city, were the owners of such damage parcels insofar as they were located to the west of the west bank of Baxter Creek.
The parties agree that the damage parcels involved are interior of all the boundaries of the patent from Governor Kieft *861 to Throckmorton. Claimant urges that, therefore, all of the land under water within the exterior boundaries of the patent passed to Throckmorton. We do not agree. Baxter Creek and its cove were arms of the East River, in both of which the tide ebbed and flowed, and so, nothing short of an express grant of land under such water would suffice to justify a holding that it was granted by the Crown to Throckmorton. A patent from a sovereign to a subject is to be strictly construed against the subject (see People v. Foote, 242 App. Div. 162, appeal dismissed 273 N. Y. 630, cert. denied 302 U. S. 760; De Lancey v. Piepgras, 138 N. Y. 26, 38; Trustees of Brookhaven v. Strong, 60 N. Y. 56). In the present case there is a complete absence of any words which could be considered to evidence any intent upon the part of Governor Kieft to grant land under water.
Even were we to assume that the Kieft patent to Throckmorton did intend to and did in fact grant the land under the waters of Baxter Creek, the claimant may still not prevail. A confirmatory patent subsequent to a change of sovereignty — here from Dutch to English — may serve to restrict and limit the extent of the grant, since the scope of title must be determined solely by the language in the confirmatory patents (see People v. Tompkins-Kiel Marble Co., 269 N. Y. 77, 82; People v. Foote, supra). Such is the case here. We find no expression of intention in the Nicolls and Dongan confirmatory patents to Hunt to convey any land under water. An appurtenance clause such as appears in the Nicholls confirmatory patent is insufficient to demonstrate an intent to convey land under water (see Sage v. Mayor, 154 N. Y. 61, 69).
Since the patents to the Town of Westchester, through whom the city claims title, granted all the land between the Harlem River on the west and Eastchester Bay on the east, except such lands as had been granted previously to others, the city must be deemed to own the land under water here in question.
'We are also of the opinion that the weight of the evidence supports the determination of Special Term that all land out-shore of the mean high-water line, as ascertained by the Dock Department in 1897, must be deemed to be land under water and all land inshore of that line must be deemed to be upland.
The decree appealed from should be reversed, with costs in all courts, and the decree entered June 21, 1943 should be reinstated.
*862 Conway, Gh. J., Desmond, Dye, Fuld and Froessel, JJ., concur in Per Curiam opinion; Van Voorhis, J., dissents and votes to affirm on the Per Curiam opinion of the Appellate Division; Burke, J., taking no part.
Decree entered October 24, 1955 reversed, with costs in all courts, and the decree entered June 21, 1943 reinstated.