George L. Cobb, J.
Two motions have been made in this action, one by the defendant Henry L. Diamond, Commissioner of the New York Department of Environmental Conservation *24 (hereinafter Commissioner), to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd. [a], par. 7), and the other by the plaintiff for a protective order to vacate the notice to take the deposition of plaintiff served by defendant Spring Valley Water Company Incorporated (hereinafter Spring Valley).
Plaintiff, Village of Nyack, is an owner of riparian land adjacent to the Hackensack River in the County of Rockland and takes water from the Hackensack River for its water supply system. Defendant Spring Valley is the owner of a dam and reservoir on the Hackensack River, located upstream from the plaintiff’s land, and takes water therefrom for its customers.
In this action the plaintiff sets forth two causes of action. In the first cause of action the plaintiff alleges that defendant Spring Valley is wrongfully interfering with the plaintiff’s riparian rights in and to the water of the Hackensack River for its water supply system and demands damages and injunctive relief against Spring Valley. In the second cause of action, against defendant Spring Valley and defendant Commissioner, plaintiff alleges that it has ‘ ‘ acquired a prescriptive right to take water from the Hackensack River for the needs of its water supply system to the extent of utilizing the entire flow of the stream at its intake if required ” and the relief demanded is for “ a declaratory judgment of the rights and privileges of plaintiff in the water and with respect to the natural condition of the Hackensack River ”. The only allegations asserted against defendant Commissioner in this cause of action are that in 1952 and in 1958 the New York Water Power and Control Commission (a predecessor of defendant Commissioner) rendered decisions affecting both the plaintiff’s and defendant Spring Valley’s use of the water of the Hackensack River for public water supply purposes.
In support of the motion to dismiss, defendant Commissioner contends that the cause of action for declaratory judgment does not set forth a justiciable controversy between plaintiff and defendant Commissioner, as required by CPLR 3001, and that the complaint, in its demand for relief, does not specify the rights and other legal relations on which a declaration is requested, as required by CPLR 3017 (subd. [b]).
An examination of the complaint reveals that the defendant Commissioner is correct as to both contentions.
The plaintiff contends that its cause of action for declaratory judgment has been brought pursuant to subdivision (5) of •section 429-j of the Conservation Law and that under that statute it is entitled to obtain declaratory relief without establishing *25 the existence of a justiciable controversy. It is the view of the court that this statute, by its terms, does not dispense with the provisions of CPLR 3001 Which require the existence of a justiciable controversy before a declaratory judgment may be obtained (see CPLR 101).
The allegations asserted against the defendant Commissioner as to the decisions of the Water Power and Control Commission are not sufficient to raise a justiciable controversy between the plaintiff and the defendant Commissioner. (See Ferguson v. Village of Hamburg, 272 N. Y. 234, 241; Matter of Sperry Rand Corp. v. Water Resources Comm., 30 A D 2d 276, 279.) Accordingly, the motion to dismiss is granted.
The plaintiff’s motion for a protective order seeks an order striking out certain demands from defendant Spring Valley’s notice of deposition which required the plaintiff to produce at the examination certain writings, records, etc.
Item 1, which calls for the production of plaintiff’s deeds of its riparian land, is proper and may stand.
Items 2, 3, and 4, which call for the production of each writing which plaintiff claims supports certain allegations of its complaint, are so broad in .scope that they exceed the requirements for a pretrial examination and the bounds intended by CPLR 3111. (Arett Sales Corp. v. Island Garden Center of Queens, 25 A D 2d 546.) The plaintiff contends, among other things, that some of the writings sought are attorneys’ work products or material prepared for litigation. Under the circumstances presented, orderly procedure requires that defendant Spring Valley first ascertain, by means of the examination before trial, the identity of these writings and then move for general discovery. Therefore, items 2, 3, and 4 are stricken.
The plaintiff has agreed to produce .the material called for by item 5.
Item 6, as maintained by the plaintiff, seeks correspondence which is wholly irrelevant to plaintiff’s cause of action, and is stricken.
The provision in the defendant’s notice that the plaintiff be examined through eight named village officials must be stricken. It is the right of the plaintiff, in the first instance, to select the person or persons with knowledge of the matters under inquiry by whom it will be examined. (Lonigro v. Baltimore & Ohio R. R. Co., 22 A D 2d 918.) The plaintiff shall be examined by such person or persons with knowledge of the matters under inquiry whom the plaintiff shall select in the first instance, with leave to the defendant Spring Valley, however, upon a showing that the person or persons produced have inadequate knowledge *26 and that further examination is necessary, to move for the examination of any specific person or persons having adequate knowledge.
As modified by this decision, the examination before trial shall proceed at a time, date and place to be agreed upon by the parties, or, if they are unable to agree, at a time, date and place to be fixed by the court in the order to be entered herein.