VINCENT DICANIO, Respondent, v INCORPORATED VILLAGE OF NISSEQUOGUE, Appellant, and TOWN OF SMITHTOWN et al., Respondents.

Second Department, April 5, 1993

APPEARANCES OF COUNSEL

*Cahn Wishod Wishod & Lamb,* Melville *(Eugene R. Barnosky* and *Scott M. Karson* of counsel), for appellant.

*Esseks, Hefter & Angel,* Riverhead *(William W. Esseks* and *William Power Maloney* of counsel), for Vincent DiCanio, respondent.

*John B. Zollo, Town Attorney* of Town of Smithtown *(Alan L. Baum* and *Peter D. Johnson* of counsel), for Town of Smithtown, respondent.

*Robert Abrams, Attorney-General,* New York City *(Gregory J. Nolan* of counsel), for State of New York, respondent.

### OPINION OF THE COURT

SANTUCCI, J.

Presented for our adjudication are competing claims of title to the bed of the Nissequogue River, a large navigable waterway in northwestern Suffolk County. The narrow question on appeal is whether title to the riverbed is vested in the Town of

Smithtown, by virtue of letters patent issued in 1963 by the State of New York, which itself had derived title in 1776, or in the Incorporated Village of Nissequogue (hereinafter the Village), by virtue of a 1977 deed which culminated a chain of title purporting to convey the riverbed and is directly traceable to two prerevolutionary patents granted by the English Crown to Richard Smith, the founder of Smithtown. If these prerevolutionary patents, granted by the English Governor Nicolls in 1665, and his successor, Governor Andross, in 1677, respectively, conveyed the bed of the Nissequogue River to Smith, then the Village has successfully established its title to the subject underwater lands.

The dormancy of the instant controversy was disturbed by the plaintiff's desire to dredge the bed of the Nissequogue River so as to create a channel through a bog which lies between his property and the navigable portion of the river. In furtherance thereof, he submitted a permit application to the New York State Department of Environmental Conservation. However, the permit application was deemed "[i]ncomplete" by the State agency because the plaintiff had failed to provide a "[s]igned letter from [the] landowner giving permission to apply for a permit on his/her property". His efforts to ascertain the true landowner of the underwater lands have culminated in the instant declaratory judgment action wherein he seeks adjudication of the competing claims of title asserted by the following interested parties.

The Town of Smithtown claims title to the riverbed by virtue of a 1963 letters patent issued by the State which constituted the ultimate link in a chain of title originating in the Crown of England and passing to the State, as the succeeding sovereign, in 1776. The Town further argues that the 1963 letters patent granted it title to the underwater lands subject only to the State's continuing public interest duties.

The State of New York asserts that it retains all right, title, and interest to the riverbed except for the Town's limited rights, transferred in the 1963 letters patent, which pertain merely to the improvement of the river's navigation and sanitary conditions. Significantly, the State acknowledges that the plaintiff's plan implicates the Town's interest in maintaining the navigability of the river and, accordingly, concedes that if the State is the owner, the Town is the proper entity from which permission to dredge should be sought.

The Village claims title to the riverbed by virtue of a March

24, 1977 deed from Mary Blake Weld. This deed culminated a chain of title traced back directly to Richard Smith, who, the Village contends, was granted the Nissequogue River in two prerevolutionary patents: the Nicolls Patent, dated March 3, 1665, and the Andross Patent, dated March 25, 1677. The Village concludes that since Smith had been vested with title to the Nissequogue River prior to 1776, when the State became the sovereign and succeeded the English Crown in the ownership of all lands within its jurisdiction, it is the rightful titleholder. In addition, the Village argues that the plaintiff's declaratory judgment action does not present a justiciable controversy because the Town has refused to indicate how it would dispose of the plaintiff's application.

By order dated March 5, 1990, the Supreme Court, Suffolk County (Tanenbaum, J.), rejected the Village's claim of title and concluded that neither the Nicolls Patent nor the Andross Patent contained language evidencing a clear and unambiguous intent by the English Crown to include the Nissequogue River within the tract of land granted to Richard Smith. Accordingly, the court granted the plaintiff's motion for partial summary judgment and declared that "any claims of right, title or interest of the VILLAGE OF NISSEQUOGUE to the lands under the Nissequogue River * * * are without force and effect and a nullity". In addition, the court denied the Village's cross motion for summary judgment declaring it to be the record title owner of the lands beneath the Nissequogue River.

■ ■ Based upon the patents, deeds, and other documentation submitted by the parties, we find that the plaintiff's declaratory judgment action has presented a justiciable controversy over title to the subject underwater lands. In addition, after analyzing the parties' competing positions, we hold that the Village's claim to title of the Nissequogue River is unsupported by the evidence and, accordingly, the Town is the proper authority from which the plaintiff must seek permission to dredge. Since the State concedes that this conclusion is proper, we make no finding with respect to the legal rights of the State and the Town in the river.

ECL 15-0701 (6) provides that: "Any person desirous of ascertaining the extent of the rights and privileges of himself and others in the water of or with respect to the natural condition of such a natural watercourse or lake may maintain an action for a declaratory judgment defining the extent of such rights and privileges".

While we agree that this statute does not dispense with the justiciability requirement of CPLR 3001 *(see, Village of Nyack v Spring Val. Water Co.,* 68 Misc 2d 23, 25, *affd sub nom. Village of Nyack v Diamond,* 38 AD2d 453), we find that the instant declaratory judgment action constitutes a justiciable controversy because it presents a real, definite, substantial, and sufficiently mature dispute over title to real property between parties with an existing jural relationship *(see, Matter of National El. Indus. v State Tax Commn.,* 65 AD2d 304, 309, *revd on other grounds* 49 NY2d 538; 43 NY Jur 2d, Declaratory Judgments, §§ 4-5). Indeed, contrary to the Village's contention, our adjudication of the issue presented herein is binding upon the parties and does not constitute an opinion which is merely advisory in nature *(cf., Cuomo v Long Is. Light. Co.,* 71 NY2d 349).

■ It is settled jurisprudential doctrine that in 1776 the State, as the sovereign successor to the English Crown, became the owner of all underwater lands within its jurisdiction, except where the Crown had previously parted with title *(see,* Public Lands Law § 4; *People v New York & Staten Is. Ferry Co.,* 68 NY 71, 77; *People v Trinity Church,* 22 NY 44, 46). Those lands which had been previously granted by colonial English Governors to private individuals therefore remained vested in the private grantees. However, the party asserting title to such underwater lands by virtue of colonial grant bears the burden of establishing an express intention by the sovereign to convey the claimed lands *(see, Matter of City of New York [Title Guar. & Trust Co.],* 2 NY2d 859, 861; *De Lancey v Piepgras,* 138 NY 26). In the instant case, the Village's claim that its predecessor in interest had been granted title to the Nissequogue River by virtue of the Nicolls Patent of 1665 and the Andross Patent of 1677 is unsupported by the record.

Any rights which Smith may have acquired in the subject underwater lands must be found within the Andross Patent. Where, as here, a patentee applies for a confirmatory patent, his title thereafter shall depend wholly upon the terms of the confirmatory patent *(see, Nicoll v Trustees of Town of Huntington,* 1 Johns Ch 166, 183; *People v Foote,* 242 App Div 162, 168). In examining the Andross Patent, we are mindful that its terms are to be strictly construed against the grantee *(see, Matter of City of New York [Title Guar. & Trust Co.], supra; De Lancey v Piepgras, supra).* The Andross Patent is unambiguous in its manifested intent to grant Richard Smith two

distinct parcels of land which were separated by the Nissequogue River. Thus, contrary to the Village's contentions, Smith was a riparian landowner whose two tracts of land were demarcated by—but did not include—the subject river.

The presence of the term "rivers" in the appurtenance clause of the Andross Patent does not mandate a contrary conclusion. Indeed, it is established that an appurtenance clause is insufficient to demonstrate a sovereign's intent to convey the underwater lands of a bounding watercourse *(see, Matter of City of New York [Title Guar. & Trust Co.], supra; Sage v Mayor of City of N. Y.,* 154 NY 61, 69). Moreover, despite the Village's contrary contention, it may not establish the private ownership of the subject lands under a theory akin to adverse possession *(see, Matter of Roma,* 223 App Div 769; *cf., Roe v Strong,* 119 NY 316, 324).

Since the Village is merely a riparian owner of land abutting the Nissequogue River, we note that its title in such lands extends only to the high-water mark of the river *(see, Tiffany v Town of Oyster Bay,* 209 NY 1, 9; *Trustees of Brookhaven v Strong,* 60 NY 56, 65), and thus does not include the bog sought to be dredged by the plaintiff *(see generally, State of New York v Bishop,* 46 AD2d 654). Therefore, we conclude that the Supreme Court properly granted the plaintiff partial summary judgment declaring that any claims of right, title, or interest of the Village to the lands under the Nissequogue River pursuant to its deed from Mary Blake Weld, recorded on March 31, 1977, in the Office of the Suffolk County Clerk, were without force or effect.

Accordingly, the appeal from the order dated March 5, 1990 is dismissed, as that order was superseded by the order dated November 28, 1990, made upon reargument, and the order dated November 28, 1990 is affirmed, insofar as appealed from, with one bill of costs to the respondents.

THOMPSON, J. P., SULLIVAN and MILLER, JJ., concur.

Ordered that the appeal from the order dated March 5, 1990 is dismissed, as that order was superseded by the order dated November 28, 1990, made upon reargument; and it is further,

Ordered that the order dated November 28, 1990 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.