■ TOWN OF OYSTER BAY, Appellant, v COMMANDER OIL CORPORATION, Doing Business as COMMANDER TERMINALS, et al., Respondents. [700 NYS2d 47] —In an action to permanently enjoin the defendant Commander Oil Corporation, d/b/a Commander Terminals, from dredging the underwater land in the east and west basins of Oyster Bay Harbor adjoining One Commander Square, Oyster Bay, New York, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated August 20, 1998, which denied its motion, in effect, for summary judgment permanently enjoining the defendants from dredging the subject underwater land.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The defendant Commander Oil Corporation, d/b/a Commander Terminals (hereinafter Commander), operates an oil terminal and storage facility on upland property it owns on Oyster Bay Harbor (hereinafter the harbor). The facility includes a dock used to accommodate barges. The land under the waters of the harbor is owned by the plaintiff, the Town of Oyster Bay (hereinafter the Town).

In 1994 Commander applied to the New York State Depart-

ment of State, the New York State Department of Environmental Conservation, and the United States Army Corps of Engineers for permission to perform "maintenance dredging" of the basins on the east and west sides of its dock. The Town commenced this action to enjoin Commander from dredging the harbor, arguing that dredging would interfere with the Town's ownership of the underwater lands. The Supreme Court denied the Town's motion for a permanent injunction stating, *inter alia*, that Commander has the right to dredge without the public owner's consent. The court found dredging reasonably necessary to restore the basins to their natural condition and to maintain a level of access to navigation similar to that which existed when Commander originally constructed its dock.

As the owner of upland located on the harbor, Commander's riparian/littoral rights include the right of reasonable access to the navigable waters of the harbor (*see, Trustees of Town of Brookhaven v Smith,* 188 NY 74; *Rumsey v New York & New England R. R. Co.,* 133 NY 79; *Bravo v Terstiege,* 196 AD2d 473). Such a right, however, is not the same as ownership of the land beneath the harbor, and Commander may not interfere with the Town's ownership of the underwater land so long as its right of reasonable access has not been interfered with (*see, Hedges v West Shore R. R. Co.,* 150 NY 150). The riparian right to access navigable waters does not include the right to "make such changes in the bed of the river * * * [as] convenience or necessities may require" (*Hedges v West Shore R. R. Co., supra,* at 159).

Applying these principles to the case at bar, the Supreme Court improperly held that a private riparian owner has a right to dredge public lands for commercial purposes to the extent reasonably necessary to maintain the same access to navigability as was originally attained by wharfing out. This constitutes an impermissible diminishment of the underwater landowner's property rights and a violation of the public interest. An upland owner has no riparian right to dredge public underwater lands in the absence of the public owner's permission (*see, Hedges v West Shore R. R. Co., supra; DiCanio v Incorporated Vil. of Nissequogue,* 189 AD2d 223). Further, granting such a right would limit the Town's ability, as public trustee of the underwater lands, to balance the many diverse and competing interests in the coastal resource for the benefit of the public (*see generally, Tiffany v Town of Oyster Bay,* 234 NY 15).

Accordingly, the order of the Supreme Court is reversed and the motion for a permanent injunction is granted. Santucci,

J. P., Sullivan, Florio and Schmidt, JJ., concur. [*See*, 178 Misc 2d 1025.]