■ Shelly Staine, Appellant, v Summit Place, Inc., et al., Defendants, and Mansion Homes, Inc., Respondent. [835 NYS2d 189]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered November 17, 2005, which canceled plaintiff's notice of pendency, dismissed the action and directed the Clerk to enter judgment declaring defendant Mansion Homes the lawful fee owner, unanimously affirmed, with costs.

In support of its counterclaim for a declaratory judgment as to title, defendant Mansion Homes submitted documentary evidence of its ownership of the disputed property. The party that purportedly conveyed the lot to plaintiff never had record title to that property, and a grantor cannot convey that which it does not own. It is well settled that, "title and estate which passes under a grant or conveyance, is commensurate only with that existing in the grantor, although he may undertake to convey, and the deed purports to convey a larger estate" (*Thompson v Simpson*, 128 NY 270, 285 [1891]; Real Property Law § 245). Furthermore, construction of the plain language of a deed is a question of law for the court to determine (*Spencer v Connolly*, 25 AD3d 832, 834 [2006]). Even had the grantor acquired fee title to the subject lot, the deed between it and plaintiff makes no specific mention of it.

To the extent that the metes-and-bounds description of the property actually conveyed to plaintiff may have been incorrect, there is no authority for the proposition that such a faulty description establishes a claim to property not set forth in the deed, title to which was never recorded, and which was never conveyed to plaintiff's grantor. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.