■ HEARTWOOD FORESTLAND FUND, III, L.P., Appellant, v CROOKED LAKE PRESERVE, LLC, et al., Respondents. [875 NYS2d 382]—

Appeal from an order of the Supreme Court, Lewis County (Hugh A. Gilbert, J.), entered November 5, 2007 in an action for a permanent injunction. The order, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the complaint is reinstated, the motion is granted, the counterclaim is dismissed and defendants are permanently enjoined from interfering with plaintiff's use of the right-of-way over the property in question as set forth in and restricted by the agreement dated March 9, 1987.

Memorandum: In March 1987, nonparty Champion International Corporation (Champion) entered into an agreement with defendants' predecessors in interest (agreement) that, inter alia, granted Champion, "its successors and assigns" a right-of-way over Crooked Lake Road, which runs across property in the Town of Watson that is currently owned by defendants (Crooked Lake property). The agreement provided in relevant part that "[s]aid road shall be used by [Champion], its successors and assigns, for all purposes of logging and maintenance and care of its woodlands situate on [Champion] Land Easterly of the Crooked Lake Property." The agreement further provided that it would terminate automatically "should the [Champion] property be transferred by conveyance, appropriation, or otherwise to the State of New York." The Champion property encompassed approximately 4,000 acres surrounding the Crooked Lake property.

In June 1999, Champion conveyed 139,000 acres to The Conservation Fund, including the property subject to the agreement, and The Conservation Fund in turn conveyed a "conservation easement" over the property to the State of New York. Plaintiff subsequently purchased 110,000 acres of property from The Conservation Fund that was subject both to the agreement and to the conservation easement. In December 2003, defendants notified plaintiff that the conveyance of the conservation easement triggered the termination provision of the agreement between Champion and defendants' predecessors in interest. Plaintiff commenced this action seeking, inter alia, to enjoin defendants from interfering with its use of the right-of-way over the Crooked Lake property.

We agree with plaintiff that Supreme Court erred in denying its motion seeking, inter alia, summary judgment on the complaint and in granting defendants' cross motion for summary judgment dismissing the complaint. We note at the outset our agreement with defendants that the termination provision of the agreement is unambiguous, and we thus do not consider extrinsic evidence in determining the intent of the parties to the agreement. "Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]; *see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). We nevertheless conclude that the plain meaning of the termination provision establishes that the agreement would be terminated only

in the event that there was a transfer of a fee interest in the Champion property to the State of New York, and that is not the case here (*see generally Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]; *Fingerlakes Chiropractic v Maggio*, 269 AD2d 790, 792 [2000]). The term "the [Champion] property" as used in the termination provision encompasses the entire " 'bundle of rights' " associated with the property, i.e., the fee interest (*Consumers Union of U.S., Inc. v State of New York*, 5 NY3d 327, 355 n 23 [2005], quoting *Nollan v California Coastal Comm'n*, 483 US 825, 831 [1987]; *see generally Matter of Gibson v Gleason*, 20 AD3d 623, 627 [2005], *lv denied* 5 NY3d 713 [2005]), and here only a conservation easement rather than a fee interest was conveyed to the State of New York.

We further note, however, that the right-of-way to use Crooked Lake Road that was conveyed by Champion to The Conservation Fund and thereafter from The Conservation Fund to plaintiff is limited to the "purposes of logging and maintenance and care of . . . woodlands [on the Champion property]." Although the conservation easement conveyed to the State of New York included as one of its objectives the provision of "opportunities for [p]ublic [r]ecreation," the Conservation Fund could not transfer a right-of-way to use the Crooked Lake Road for public recreation inasmuch it did not originally obtain such a right-of-way from Champion (*see Staine v Summit Place, Inc.*, 40 AD3d 330, 331 [2007]; *City of Kingston v Knaust*, 287 AD2d 57, 59-60 [2001]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.