DE PAULIS HOLDING CORP., Respondent, v ALBERT VITALE, Appellant. [889 NYS2d 191]—

In an action to quiet title to real property, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), entered May 7, 2008, as denied his motion for summary judgment dismissing the complaint and to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In February 1985 the plaintiff acquired title from a third party to two lots of real property in Staten Island. The lots were identified in the deed conveying title as block 7464, lot 74 (described as "vacant land") and block 7464, lot 17 (described as the parcel "with buildings and improvements thereon"). Shortly thereafter, by deed dated February 27, 1985 (hereinafter the 1985 deed), the plaintiff transferred title to lot 74 to John Russo, Anna Russo, Phillip Russo, and Rosetta Russo. However, the metes and bounds description of the property transferred in the 1985 deed was inaccurate and actually encompassed both lot 74 and lot 17. After the transfer, the plaintiff continued to pay taxes on lot 17 and considered itself the owner thereof.

In 1998 the Russos entered into a contract to sell their property to the defendant. The contract described the property as "Vacant Land located at Gaton Street, Staten Island, Block 7464 Lot 74." However, the 1998 deed from the Russos to the defendant also contained the same inaccurate metes and bounds description as the 1985 deed, encompassing both lots. Nevertheless, New York City Department of Finance records indicate that subsequent to the 1998 transfer, the plaintiff continued to pay real estate taxes on lot 17 and was designated as the owner thereof. In 2006 the plaintiff commenced this action seeking to quiet title, claiming that it was the sole owner of lot 17. Thereafter the defendant moved, inter alia, for summary judgment. The Supreme Court denied the motion. The defendant appeals.

"Every instrument . . . transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240 [3]; *see Universal Broadcasting Corp. v Incorporated Vil. of Mineola,* 192 AD2d 518, 519 [1993]).

Although the defendant correctly contends that the metes and bounds description of his deed encompasses both lots, there are questions of fact sufficient to deny that branch of his motion which was for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Indeed, the circumstances surrounding the property transfers indicate that the Russos only intended to purchase lot 74 from the plaintiff, and that this is the only lot which the Russos intended to sell to the defendant. Moreover, the title policy which the defendant obtained at the time of his acquisition of the property from the Russos states that the "land referred to in this Policy is . . . vacant land, Staten Island, Block 7464, Lot 74."

Nor did the Supreme Court err in refusing to grant that branch of the defendant's motion which was to dismiss the complaint for failure to state a cause of action pursuant to RPAPL 1501. In deciding a motion to dismiss pursuant to CPLR 3211 (a) (7), "we must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the plaintiff] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]; *Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC,* 32 AD3d 423 [2006]). The defendant argues that the documentary evidence of the deed "flatly contradicted" the plaintiff's factual allegations and thus the al-

legations of the complaint should not be deemed true (*see Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d 143 [2001]). However, "[i]n cases where the court has considered extrinsic evidence on a CPLR 3211 motion . . . '[t]he motion should [only] be granted where the essential facts have been negated beyond substantial question by the affidavits and evidentiary matter submitted' " (*Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1999], *affd* 94 NY2d 659 [2000], quoting *Blackgold Realty Corp. v Milne*, 119 AD2d 512, 513 [1986], *affd* 69 NY2d 719 [1986]).

In the case at bar, it is obvious that the extrinsic evidence, when considered as a whole, did not negate beyond a substantial doubt the plaintiff's claim of title to lot 17, the disputed property. Furthermore, contrary to the defendant's contention, the Supreme Court did not err in considering the extrinsic evidence, even though the metes and bounds description may have been unambiguous, albeit incorrect. If a deed is ambiguous, parol evidence is admissible (*see* Real Property Law § 240 [3]; *Wilson v Ford*, 209 NY 186, 196 [1913]; *see also Andersen v Mazza*, 258 AD2d 726 [1999]; *Modrzynski v Wolfer*, 234 AD2d 901 [1996]).

Here the 1998 deed is ambiguous despite the precise metes and bounds description. At the end of the printed metes and bounds language in this deed, there appears the handwritten and initialed notation "[b]eing the same premises as conveyed to the grantors by deed in Reel 39 page 3493." The defendant does not dispute that reel 39, page 3493, covers only lot 74, and thus there is an ambiguity on the face of the 1998 deed. Additionally, there is a suspect handwritten, but not initialed, notation at the end of the 1998 deed which adds "+17" to the printed phrase "lot 74." Finally, and perhaps most telling, the 1998 deed describes the premises as "Vacant Land located at Gaton Street, Staten Island, New York." Accordingly, the Supreme Court properly considered all of the parol evidence to determine whether the defendant was entitled to dismissal of the complaint for failure to state a cause of action.

The defendant's remaining contentions are without merit. Skelos, J.P., Santucci, Belen and Hall, JJ., concur. [*See* 2008 NY Slip Op 31234(U).]