In the Matter of NEW CREEK BLUEBELT, PHASE 4. CITY OF NEW YORK, Respondent; GAETANO DEMETRIO, Appellant. [917 NYS2d 203]—

In an eminent domain proceeding, Gaetano Demetrio appeals from an order of the Supreme Court, Kings County (Gerges, J.), dated January 25, 2010, which denied those branches of his motion which were for a declaration that he was the owner in fee simple of certain land in Richmond County, designated as section 17, block 3665, lots 6, 10, 12, 20, and 22, on the date of the taking.

Ordered that the order is affirmed, with costs.

FTM Construction Corp. (hereinafter FTM) was the owner of vacant land in Staten Island, designated on the tax map as section 17, block 3665, lots 1, 6, 10, 12, 20, 22, and 25. The lots combine into one block, bounded by Stobe Avenue, Boundary Avenue, Bermuda Place, and Meadow Place. On June 1, 2000, the City of New York (hereinafter the City) sold a tax lien on lot 1. The City later sold tax liens on lots 6, 12, and 25. In June 2001 FTM filed a certificate of dissolution.

On August 16, 2001, NYCTL 1998-2 Trust (hereinafter the Trust) and Bank of New York, as collateral agent of the Trust, commenced a foreclosure action against FTM based on a tax lien certificate dated June 1, 2000, which was annexed to the complaint. The complaint sought foreclosure on lot 1, which premises were more fully described in schedule A, annexed to the complaint. Schedule A, however, contained the metes and bounds description for all seven of FTM's lots. The City was named as a defendant in the foreclosure action, although it did not appear. The notice of pendency filed in connection with the property and the resulting judgment of foreclosure and sale likewise recited that they applied to lot 1, but included the broader metes and bounds description.

The claimant purchased the property at the foreclosure sale. His referee's deed, dated February 12, 2003, references the June 1, 2000, tax lien certificate, and describes the premises as lot 1, but incorporates the metes and bounds description of all seven lots. The claimant recorded the deed with respect to all seven lots. He also obtained a title insurance policy for lot 1, described

with the metes and bounds for all seven lots. The claimant subsequently purchased lot 25 at another foreclosure sale, purportedly to protect his title. In 2004 the City Department of Finance issued the claimant tax delinquency notices in connection with lots 6, 10, 12, 20, 22, and 25. The claimant paid the past and current property taxes for the lots, allegedly totaling more than $70,000.

On June 11, 2007, the City acquired title to the seven lots as part of the New Creek Bluebelt, Phase 4, eminent domain proceeding. The claimant filed a claim for compensation for all of the lots. The City authorized payment of compensation to the claimant for lots 1 and 25, but disputed his ownership of the other lots on the ground that the other lots were not included in the first foreclosure sale. The claimant then moved for a declaration that he was the rightful owner of all seven lots described in schedule A attached to his deed. The Supreme Court denied the motion, finding that, on the date of the taking, the claimant was the owner only of lots 1 and 25. The claimant appeals and we affirm.

First, contrary to the claimant's contention, the City's current position is not precluded by virtue of the doctrines of collateral estoppel, res judicata, or judicial estoppel. The issue of title to the disputed lots was not " 'actually litigated, squarely addressed and specifically decided' " in the first foreclosure action and, accordingly, the doctrine of collateral estoppel is inapplicable (*Motors Ins. Corp. v Mautone*, 41 AD3d 800, 801 [2007], quoting *Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]). Additionally, the doctrine of res judicata is inapplicable, as this issue was not " 'necessarily decided therein' " (*Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 [2008], quoting *Matter of Grainger [Shea Enters.]*, 309 NY 605, 616 [1956]). The doctrine of judicial estoppel precludes a party from taking a position in one legal proceeding which is contrary to that which he or she took in a prior proceeding, simply because his or her interests have changed (*see Tedesco v Tedesco*, 64 AD3d 583 [2009]; *Prudential Home Mtge. Co. v Neildan Constr. Corp.*, 209 AD2d 394 [1994]). The City took no position on the issue of title to the disputed lots during the foreclosure proceeding. The claimant's arguments concerning the City Department of Finance subsequent delivery, to him, of tax delinquency notices with respect the lots, and its acceptance of his payments, are not relevant to judicial estoppel, but to equitable estoppel, which he concedes is unavailable here against the City, despite harsh results (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]). More-

over, since the City is seeking construction of the referee's deed, not to set it aside, the statute of limitations of Real Property Tax Law § 1137 does not apply (*see CDS Recoveries v Davis*, 277 AD2d 567 [2000]; *cf. George F. Weaver Sons Co. v Burgess*, 7 NY2d 172 [1959]).

On the merits, the Supreme Court properly construed the referee's deed dated February 12, 2003, as conveying title only to lot 1. Real Property Law § 240 (3) provides that deeds "must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." Where a deed is ambiguous, courts look beyond the written instrument to the surrounding circumstances (*see Wilson v Ford*, 209 NY 186, 196 [1913]; *De Paulis Holding Corp. v Vitale*, 66 AD3d 816 [2009]; *Andersen v Mazza*, 258 AD2d 726 [1999]). Here, the referee's deed is ambiguous on its face because it refers to one lot, but contains a metes and bounds description for seven lots (*see De Paulis Holding Corp. v Vitale*, 66 AD3d 816 [2009]).

As the Supreme Court properly held, the surrounding circumstances establish that the referee only intended to convey lot 1, since that was the only lot he had the authority to convey. The foreclosure action was expressly based on the tax lien certificate dated June 1, 2000, annexed to and incorporated into the complaint, which sold the lien for lot 1. The foreclosure complaint recited the principal balance due as the amount due on the lot 1 lien. The referee's deed also references the June 1, 2000, tax lien certificate.

A grantor cannot convey title to property which he or she does not possess (*see Wallach v Riverside Bank*, 206 NY 434, 437 [1912]; *Staine v Summit Place, Inc.*, 40 AD3d 330 [2007]). The grantor here was the referee, and "[o]bviously, the Referee can convey no greater interest than that held by the mortgagor" (*238 E. 9th St. Corp. v Bernich*, 17 AD2d 399, 400 [1962]). As liens on no other subject lots were acquired pursuant to the June 1, 2000, tax lien certificate, no other liens could have been foreclosed upon in that action. Accordingly, the foreclosure judgment, properly construed, directed the sale of only lot 1, and the resultant referee's deed conveyed only lot 1, despite the incorrect metes and bounds description annexed to the documents (*see Clapp v McCabe*, 155 NY 525, 531 [1898]; *De Paulis Holding Corp. v Vitale*, 66 AD3d 816 [2009]). Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.