Eileen Hartmann, Appellant, v Benjamin Harris, Respondent. [25 NYS3d 661]—

In an action to recover damages for trespass and injury to real property pursuant to RPAPL 861, in which the defendant asserted a counterclaim pursuant to RPAPL article 15 to determine claims to certain real property and for a judgment declaring that he is the owner of the subject real property by adverse possession, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated September 10, 2013, which, upon a decision of the same court dated August 9, 2013, made after a nonjury trial, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, the plaintiff is awarded judgment on the issue of liability, and the matter is remitted to the Supreme Court, Orange County, for a trial on the issue of damages and, thereafter, the entry of a judgment, inter alia, declar-

ing that the plaintiff is the owner of the subject property and the defendant has no interest in the subject property, and enjoining the defendant from trespassing on the subject property.

The plaintiff owns a rectangular-shaped parcel of undeveloped property in Orange County. The defendant owns a parcel of property that primarily consists of two sections that are separated by the plaintiff's parcel. The northwest and southeast boundaries of the plaintiff's parcel adjoin the defendant's parcel. In December 2011, the defendant's contractor began clearing a 20-foot-wide strip of land running along the northeast boundary of the plaintiff's property directly to the southwest of a stone wall which marks a western boundary of lands owned by the Hudson Highlands Nature Museum (hereinafter the Museum). The defendant intended to install a driveway over the strip that would be a second means of connecting the sections of his property.

The plaintiff, alleging that the 20-foot-wide strip is located within the boundaries of her parcel, commenced this action to recover damages for trespass and injury to real property pursuant to RPAPL 861. The defendant asserted a counterclaim pursuant to RPAPL article 15 to compel the determination of claims to the subject strip and for a judgment declaring that he is the owner of the subject strip by adverse possession. As stipulated to by the parties, the Supreme Court held a nonjury trial on the issue of liability to determine the rights of the parties to the subject strip. The plaintiff claimed that she owns title to the subject strip, and the defendant claimed that he owns the strip or has a granted right-of-way over the strip. Following the trial, the court determined that the defendant owns a granted right-of-way over the subject strip, and dismissed the complaint.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses" (*Hall v McDonald*, 115 AD3d 646, 647 [2014]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

"The construction of deeds is a matter of law" (*Blangiardo v Horstmann*, 32 AD3d 876, 879 [2006]). "Every instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole

instrument, and is consistent with the rules of law" (Real Property Law § 240 [3]; *see De Paulis Holding Corp. v Vitale*, 66 AD3d 816, 817 [2009]). "Where the language used in a deed is ambiguous such that it is susceptible of more than one interpretation, the courts will look beyond the written instrument to the surrounding circumstances" (*Al's Atl., Inc. v Shatma, LLC*, 109 AD3d 491, 492 [2013]).

Since both parties "laid claim to the subject area, the burden of establishing ownership applied equally" to each, and they could not satisfy their burden merely by pointing to weaknesses in the other's title (*O'Brien v Town of Huntington*, 66 AD3d 160, 165 [2009]; *see LaSala v Terstiege*, 276 AD2d 529, 530 [2000]). Contrary to the defendant's contention, the first deed in the chain of title for the plaintiff's parcel unambiguously calls for the northeast boundary to run along the stone wall and adjoin the property to the lands now owned by the Museum. The subsequent deeds in the chains of title for both parcels, including the plaintiff's deed and the defendant's deed, continued to locate the northeast boundary along the lands now owned by the Museum, i.e., the stone wall. Thus, since the original conveyance and all subsequent conveyances in the chain of title locate the stone wall as the northeast boundary of the plaintiff's parcel, the plaintiff established title ownership of the 20-foot-wide strip in dispute. The defendant failed to meet his burden of establishing superior title by adverse possession (*see generally Estate of Becker v Murtagh*, 19 NY3d 75 [2012]; *Marone v Kally*, 109 AD3d 880 [2013]). He also failed to establish that he was granted a right-of-way over the subject strip (*see O'Brien v Town of Huntington*, 66 AD3d at 165).

Accordingly, the Supreme Court should have awarded the plaintiff judgment on the issue of liability, declared that the plaintiff owns the subject strip and the defendant has no interest in the strip, enjoined the defendant from trespassing on the strip, and scheduled a trial on the issue of damages for the defendant's trespass and violation of RPAPL 861.

Since the defendant's counterclaim sought declaratory relief, we remit the matter to the Supreme Court, Orange County, for a trial on the issue of damages to which the plaintiff is entitled and, thereafter, for the entry of judgment, inter alia, declaring that the plaintiff is the owner of the subject strip and the defendant has no interest in the strip, and enjoining the defendant from trespassing on the strip (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]; *Aries Fin., LLC v 12005 142nd St., LLC*, 127 AD3d 900, 904 [2015]). Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.