JPMorgan Chase Bank, N.A. v Zhan Hua Cao (2018 NY Slip Op 02603)





JPMorgan Chase Bank, N.A. v Zhan Hua Cao


2018 NY Slip Op 02603


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-01699
 (Index No. 28784/09)

[*1]JPMorgan Chase Bank, National Association, etc., appellant, 
v
Zhan Hua Cao, et al., defendants, E.R. Holdings, LLC, respondent.


Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert, Robert W. Frommer, and Edward A. Vincent of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson, Julie A. Levine, and Mark J. Krueger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered January 28, 2016, which denied its motion for summary judgment on the complaint insofar as asserted against the defendant E.R. Holdings, LLC, and dismissing that defendant's affirmative defenses and counterclaim.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were for summary judgment dismissing the first through fourth, seventh, and ninth affirmative defenses asserted by the defendant E.R. Holdings, LLC, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The subject property is made up of two lots, designated as Block 5150, Lot 48 and Lot 49, in Flushing, Queens. In 2005, a note and mortgage were executed and delivered to Washington Mutual Bank, FA (hereinafter WAMU). Although the note and the WAMU mortgage referred only to Lot 48, and the WAMU mortgage was recorded only against Lot 48, the metes and bounds description attached to the WAMU mortgage encompassed Lots 48 and 49.
In 2008, a note secured by a mortgage against the entire property was executed and delivered to the defendant E.R. Holdings, LLC (hereinafter E.R.). The E.R. mortgage was recorded as a second lien against Lot 48, but as a first lien against Lot 49.
JPMorgan Chase Bank, National Association (hereinafter the plaintiff), was the purchaser of the loans and other assets of WAMU from the Federal Deposit Insurance Corporation, acting as receiver for WAMU pursuant to its authority under the Federal Deposit Insurance Act, 12 USC § 1821(d). In 2009, the plaintiff commenced this action seeking to foreclose the WAMU mortgage against the entire property, alleging that the original parties to the WAMU mortgage had intended it to cover Lots 48 and 49, but had inadvertently and mistakenly recorded it solely against Lot 48. In its answer, E.R. asserted nine affirmative defenses and a counterclaim for a judgment declaring that E.R. is the holder of a superior, valid first mortgage lien on Lot 49.
The plaintiff moved for summary judgment on the complaint insofar as asserted against E.R. and dismissing E.R.'s affirmative defenses and counterclaim. The Supreme Court denied the motion, finding that the plaintiff failed to establish, prima facie, that it was the original parties' intent that the WAMU mortgage cover both lots.
Real Property Law § 240(3) provides that an instrument "creating, transferring, assigning or surrendering an estate or interest in real property" must be construed "according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." "Where the language used in [a mortgage] is ambiguous such that it is susceptible of more than one interpretation, the courts will look beyond the written instrument to the surrounding circumstances" (Al's Atl., Inc. v Shatma, LLC, 109 AD3d 491, 492, citing Cordua v Guggenheim, 274 NY 51, 57; see Hartmann v Harris, 136 AD3d 977, 979; Matter of New Cr. Bluebelt, Phase 4, 79 AD3d 888, 891; De Paulis Holding Corp. v Vitale, 66 AD3d 816, 818).
Contrary to the plaintiff's contention, there is no rule that it is the metes and bounds description that determines what property is encumbered by any mortgage and not the street address or tax lot numbers. Rather, where, as here, there is a conflict between the metes and bounds description and the street address and/or tax lot numbers given in the mortgage, there is an ambiguity that requires consideration of parol evidence (see Matter of New Cr. Bluebelt, Phase 4, 79 AD3d at 891; De Paulis Holding Corp. v Vitale, 66 AD3d at 818). Here, the WAMU mortgage was "ambiguous on its face," because "it refer[red] to one lot, but contain[ed] a metes and bounds description" for two lots (Matter of New Cr. Bluebelt, Phase 4, 79 AD3d at 891; see De Paulis Holding Corp. v Vitale, 66 AD3d at 818). In support of its motion for summary judgment, the plaintiff failed to submit evidence resolving that ambiguity one way or the other. The affidavit of its expert was based on purported "assumed facts" that were neither assumed by E.R. nor supported by the evidence. Since the expert affidavit submitted by the plaintiff contained conclusory assertions unsupported by evidentiary facts (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325), and the plaintiff failed to submit any other evidence establishing, prima facie, that the parties to the WAMU mortgage intended it to cover both lots, a triable issue of fact remained regarding that issue. Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against E.R. and dismissing E.R.'s counterclaim and eighth affirmative defense.
However, the Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment dismissing E.R.'s first through fourth, seventh, and ninth affirmative defenses. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law striking the first through fourth, seventh, and ninth affirmative defenses, and E.R. failed to raise a triable issue of fact in opposition (see Katz v Miller, 120 AD3d 768, 769-770; see also Becher v Feller, 64 AD3d 672, 677; Cohen Fashion Opt., Inc. v V & M Opt., Inc., 51 AD3d 619, 619-620).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court