Murphy v Town of Oyster Bay (2019 NY Slip Op 02887)





Murphy v Town of Oyster Bay


2019 NY Slip Op 02887


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-08802
 (Index No. 624/12)

[*1]Brian C. Murphy, plaintiff, 
v
Town of Oyster Bay, appellant, State of New York, respondent, et al., defendants.


Donna B. Swanson, Oyster Bay, NY, for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Matthew W. Grieco of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant State of New York is the owner of certain underwater property, the defendant Town of Oyster Bay appeals from a judgment of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), dated March 15, 2016. The judgment, insofar as appealed from, upon an order of the same court dated January 12, 2016, inter alia, granting the motion of the defendant State of New York for summary judgment and denying the cross motion of the defendant Town of Oyster Bay for summary judgment, declared that the boundary line between Oyster Bay and Long Island Sound is the line running east from Rocky Point in Oyster Bay to Whitewood Point on Lloyd's Neck, and that the defendant State of New York owns all of the underwater lands north of that line.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff received a citation from the defendant Town of Oyster Bay for shellfishing without a permit on January 1, 2010. The plaintiff was located in waters around the maritime boundary between Oyster Bay and Long Island Sound, ownership of which is disputed by the Town and the State of New York. On August 5, 2010, the plaintiff commenced this action against the Town, the State, and others in the Supreme Court, Suffolk County. The plaintiff sought a judgment declaring, in essence, that the Town-issued citation was invalid because he was shellfishing in Long Island Sound, for which he had an appropriate permit from the State. The action was later transferred to the Supreme Court, Nassau County.
The Town's borders are rooted in a colonial patent that Governor General Edmund Andros issued to the Town's predecessors-in-interest in 1677 (hereinafter the Andros Patent). The Andros Patent granted all land in an area "Bounded on the North by the Sound, on the East by the Huntington Limmits on the South part by the sea and part by Hempstead Limmits, and on the West by the Bounds of Hempstead aforesaid." There is no dispute that this language establishes that Oyster Bay, which is coextensive with the Town's northern maritime border, extends at least as far as an imaginary line running due east from Rocky Point (see Tiffany v Town of Oyster Bay, 209 NY 1, 4-12). The plaintiff was shellfishing seaward of the imaginary line.
The State moved for summary judgment, arguing, inter alia, that the border between [*2]Long Island Sound and Oyster Bay was an imaginary geodesic line connecting headlands located at Rocky Point and Whitewood Point. The Town opposed and, inter alia, cross-moved for summary judgment, arguing that the proper headlands for defining the border between Oyster Bay and Long Island Sound are located farther north at Oak Neck Point and Lloyd Point. By order dated January 12, 2016, the Supreme Court, inter alia, granted the State's motion for summary judgment and denied the Town's cross motion for summary judgment. Thereafter, the court issued a judgment dated March 15, 2016, which, upon the order, declared, among other things, that the boundary line between Oyster Bay and Long Island Sound is the line running east from Rocky Point in Oyster Bay to Whitewood Point on Lloyd's Neck, and that the State owns all of the underwater lands north of that line. The Town appeals from the judgment.
"[I]n 1776 the State, as the sovereign successor to the English Crown, became the owner of all underwater lands within its jurisdiction, except where the Crown had previously parted with title" (DiCanio v Incorporated Vil. of Nissequogue, 189 AD2d 223, 227; see Gessin v Throne-Holst, 134 AD3d 31, 36-44; Matter of Sharkey v Town of Southold Justice Ct., 71 AD3d 1030, 1031). The Town, as successor-in-interest to the grantees named in the Andros Patent, "owns the underwater land beneath Oyster Bay" (Town of Oyster Bay v Commander Oil Corp., 96 NY2d 566, 571; see Tiffany v Town of Oyster Bay, 209 NY at 1-11). The extent of the Town's ownership depends on the language of the Andros Patent (see Tiffany v Town of Oyster Bay, 209 NY at 6-11; Nicoll v Trustees of Town of Huntington, 1 Johns Ch 166, 176-183; DiCanino v Incorporated Vil. of Nissequoque, 189 AD2d at 227-228). " Every instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law'" (Hartmann v Harris, 136 AD3d 977, 978-979, quoting Real Property Law § 240[3]). " Where the language used in a deed is ambiguous such that it is susceptible of more than one interpretation, the courts will look beyond the written instrument to the surrounding circumstances'" (Hartmann v Harris, 136 AD3d at 979, quoting Al's Atl. Inc. v Shatma, LLC, 109 AD3d 491, 492; see e.g. Nance v Town of Oyster Bay, 23 AD2d 9, 18-19).
The Andros Patent's declaration of the northern maritime border is silent as to which headlands define the extent of "the Sound," thereby warranting consideration of extrinsic evidence. Importantly, and despite the potential utility of factual matter like parol evidence (see e.g. Beers v Hotchkiss, 256 NY 41, 46-59), or the courses of conduct in the centuries that followed the grant (see e.g. Matter of Jamaica Bay Proceedings, 258 App Div 191, 197-199, affd 284 NY 677; People v Foote, 242 App Div 162, 165-168), the Town and the State chose to present only maps depicting undisputed geographic features, lexicographic authorities in support of their competing interpretations of the Andros Patent, and evidence showing they recently asserted competing claims to the waters where the plaintiff was shellfishing. More specifically, the State, in support of its motion for summary judgment and in opposition to the Town's cross motion for summary judgment, proffered materials establishing that its preferred boundary satisfied the three-part definition of a juridical bay as commonly understood and applied under conventional international law (see United States v Maine, 469 US 504, 513-519, 522 n 14). The Town's evidence in opposition consisted for the most part of expert affidavits purporting to apply those same principles, but which demonstrated that the Town's proposed alternative boundary only satisfied two of the three components necessary for satisfying of the definition of a juridical bay.
Where "a party's extrinsic evidence demonstrates not only that its interpretation is reasonable but that it is the only fair interpretation'" of ambiguous language, "summary judgment is appropriate" (Demetrio v Stewart Tit. Ins. Co., 124 AD3d 824, 826, quoting City of New York v Evanston Ins. Co., 39 AD3d 153, 156). The record in this case demonstrates that the State's proposed boundary line is the only fair interpretation of the Andros Patent (see Tiffany v Town of Oyster Bay, 209 NY at 4-12). Here, unlike Friends of Thayer Lake LLC v Brown (27 NY3d 1039), the record contains no factual matter that might support a different conclusion. For example, the parties submitted no evidence showing some different historical understanding of Oyster Bay or bays more generally, or personal accounts of mariners or other witnesses that, if credited, might support the Town's proposed headlands. The record that the parties opted to compile in this case simply does not permit more than one inference as to the appropriate boundary line. Thus, contrary to the [*3]Town's arguments on appeal, the Supreme Court appropriately resolved the dispute as a matter of law, and we agree with the court's declaration that the boundary line between Oyster Bay and Long Island Sound is the line running east from Rocky Point in Oyster Bay to Whitewood Point on Lloyd's Neck, and that the State owns all of the underwater lands north of that line.
The State's remaining contention need not be reached in light of our determination.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court