X&Y Dev. Group, LLC v Epic Tower, LLC (2021 NY Slip Op 04577)





X&Y Dev. Group, LLC v Epic Tower, LLC


2021 NY Slip Op 04577


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-03848
 (Index No. 707065/16)

[*1]X & Y Development Group, LLC, appellant,
v
Epic Tower, LLC, respondent, et al., defendants.


Bret L. McCabe, Glen Head, NY (Lisa Solomon of counsel), for appellant.
Law Offices of Michael P. Berkley, P.C., Garden City, NY (Borchert & LaSpina [Robert W. Frommer], of counsel), for respondent and defendants AA General Construction Corp., Yin Chou Hu, and Vicente A. Magistrado.



DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for trespass, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered February 14, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendant Epic Tower, LLC, which were for summary judgment on its first and second counterclaims pursuant to RPAPL article 15 to quiet title to real property and dismissing so much of the first and second causes of action as sought injunctive relief and damages for trespass with respect to a portion of the subject real property deemed "the Triangle."
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff owns commercial real property located in Queens. In 2015, the defendant Epic Tower, LLC (hereinafter the defendant), purchased the adjoining property, demolished the building existing on that parcel, and began a project to construct a new building. The plaintiff subsequently commenced the instant action, seeking, in the first cause of action, an injunction requiring the defendant to remove all encroachments from an area along the border of the two properties, deemed "the Triangle," to which both parties claimed ownership. The plaintiff also sought to require the defendant to remove all encroachments from an area that the parties do not dispute is owned by the plaintiff. In the second cause of action, the plaintiff sought damages for trespass upon its property. The defendant asserted first and second counterclaims pursuant to RPAPL article 15 to quiet title to the Triangle.
Thereafter, the defendant moved for summary judgment on its first and second counterclaims and dismissing the first and second causes of action. In an order entered February 14, 2018, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment on the first and second counterclaims and dismissing so much of the first and second causes of action as sought injunctive relief and damages for trespass with respect to the Triangle. The plaintiff appeals.
To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, [*2]the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit (see 1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1005; White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 142 AD3d 1073, 1074). Here, the defendant met its prima facie burden by submitting the deeds in its chain of title reflecting its ownership of the Triangle, and extensive expert and documentary evidence demonstrating that a 1966 deed in the plaintiff's chain of title which included the area of the Triangle could not have validly conveyed that property because that property was not actually owned by the grantor (see Real Property Law § 245; Thompson v Simpson, 128 NY 270; Matter of New Cr. Bluebelt, Phase 4., 79 AD3d 888, 891; Staine v Summit Place, Inc., 40 AD3d 330, 331). Moreover, this evidence was bolstered by a memorandum of contract dated in 1988, by which the plaintiff's predecessor had sought, unsuccessfully, to purchase property from the defendant's predecessor which included the Triangle.
In opposition, the plaintiff, which did not submit any expert evidence on the issue of ownership of the Triangle, failed to raise a triable issue of fact.
Since the defendant demonstrated its entitlement to judgment as a matter of law on its first and second counterclaims to quiet title to the Triangle, it also demonstrated its entitlement to judgment as a matter of law dismissing so much of the first and second causes of action as sought to require it to remove encroachments on that property and damages for trespass upon that property.
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, we affirm the order insofar as appealed from.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court